Archie VAN SICKLE, Appellant,

v.

R. B. CLARK, Appellee.

No. 17512.

Court of Civil Appeals of Texas, Fort Worth.

June 7, 1974.

Richard W. Estran, Dallas, for appellant.

Thorne, Thorne & Robertson, Inc., and Kim R. Thorne, Grand Prairie, for appellee.

## OPINION

LANGDON, Justice.

This appeal is by writ of error from a judgment by default against the defendant, Archie Van Sickle, appellant, in favor of the plaintiff, R. B. Clark, appellee, in the sum of $225,000.00 with interest at six per cent from date of judgment, and costs.

Under the record in this cause no findings of fact or conclusions of law were requested and none were made or filed by the trial court. The only findings of the court were recitations contained in its judgment.

The only pleading contained in the record is plaintiff's original petition in which he, as the sole plaintiff, sues Thurman James Van Sickle and Archie Van Sickle for breach of a lease agreement, copy of which was attached to the petition. Plaintiff alleges that he paid three hundred dollars per each month in advance for the months of July and August, 1972, and that on or about August 26, 1972, the defendants, without cause or his consent entered upon the premises and locked him out and thereafter refused his request to redeliver possession of the premises to him.

In paragraph III of the petition the plaintiff alleges that from the 23rd day of June, 1972, to the time of his eviction he *expended large sums of money in preparing the premises for his occupancy, and advertising his business at the leased premises, and in establishing a grocery and supermarket business at said location.*

In paragraph IV plaintiff alleges that by reason of the loss of the established trade in business and the loss of prospective profits he has been damaged in the sum of $100,000.00 and that by reason of the loss of the benefit of the leasehold interest he has been damaged $100,000.00 and that by reason of money paid for improvements to the leased premises he has been damaged in the sum of $300.00 for a total sum of $200,300.00.

Plaintiff alleges in paragraph V that certain acts and conduct on the part of defendants in evicting him amounted to fraud and because thereof he is entitled to $50,000.00 as exemplary damages.

In his prayer the plaintiff prays for judgment in the sum of $250,300.00.

The lease agreement, copies of which were attached to the petition and introduced into evidence, recited that it was entered into on June 23, 1972, between Archie Van Sickle, lessor, and R. B. Clark and H. M. Massey, lessees.

The leased property was described, to-wit: "Lying and being situated in the County of Tarrant, State of Texas, and being a tract of land out of the S. W. corner of intersection of Farm Market Road 1187 and Farm Market Road 1088 in Tarrant County, Texas, 150 feet fronting on Farm Market Road 1088 x 285 feet fronting on Farm Market Road 1187 and including the building located thereon and all fixtures and appurtenances therein and thereto."

Such property was demised for the term of twelve months beginning on *July 10, 1972,* and terminating on July 9, 1973, and was to be used as a grocery store and service station. The consideration was $3,600.-00 annually payable in monthly installments of three hundred dollars each in advance. First installment was due and payable at time the lease was executed and on or before August 10, 1972, and the 10th day of each month thereafter.

The lease agreement contained an *option to renew for* the *additional period of 12 months upon thirty days' notice* orally or in writing of intent to exercise the option. There was *further option to lease the premises for a period of ten years.* This option could be exercised during the primary term or the option term of the lease.

The only witness to testify in the case was the plaintiff, R. B. Clark. In summary he testified that on June 23, 1972, he entered into a lease contract with Archie Van Sickle and that he took possession of the leased premises and was in possession for about two months.

Clark's attorney asked him, "Q. You stated in your original petition and the lease recites that Mr. H. M. Massey was a partner in that enterprise with you. Did Mr. Massey follow through? A. No, sir, he didn't." Under further testimony it was developed that Massey did not sign the

lease, that he did not do anything in furtherance of the lease and that Massey had completely dropped out.

The plaintiff Clark then testified that on August 26, 1972, Archie Van Sickle put a padlock on the door of the leased premises. That at such time he was not in default in his rent and had not violated any of the terms of the lease agreement.

Clark further stated that he believed he opened the store for business about the 4th of July, *1970*, and ". . . business was immediately pretty good, and by the third week we were breaking even, and by the time that we were locked out we were making approximately four hundred dollars a week profit." Gross profit was $1,500.00 to $2,000.00 per week. He described his business as very good, very profitable. Clark testified that he believed in a years' time he would have been making at least $40,000.00 per year net profit.

When he went into possession he spent about a month of pretty hard labor cleaning up, wiring, plumbing, painting; that much time and about three hundred dollars in actual cash for material.

His opinion as to why Archie Van Sickle locked him out was that the latter soon saw the potential of making good money there and, ". . . I believe in his own mind he would like to have it for himself or some of his folks, after he saw the potential was there."

Plaintiff testified he was asking the court for $100,000.00 for loss of his expected profits and considered such figure to be fair and reasonable and very minimum. This figure of $100,000.00 for loss of profits is the only $100,000.00 which was testified to by Clark. He estimated a net profit of $400.00 per week in support of the total of $100,000.00 in loss profits. There was no other testimony relative to damages other than the $300.00 expended for materials in making the store ready for business. There was no testimony as to any data or facts to support the $100,000.00. There

was no testimony to support the additional $125,000.00 contained in the court's judgment.

Clark testified that the copy of the lease introduced into evidence was a true and correct copy of the original lease which he and Mr. Archie Van Sickle signed. He previously testified that Massey named as one of the lessees had not signed. The copy of the lease introduced into evidence was not signed by either Massey and Clark as lessees or by Van Sickle as lessor.

The judgment of the court recited that, ". . . Plaintiff, ought to recover his damages by occasions of the premises against the Defendant, Archie Van Sickle, who is in default and it appearing to the Court and the Court finds that the evidence and testimony admitted supports a judgment for the Plaintiff, R. B. Clark, against the Defendant, Archie Van Sickle, *for actual and exemplary damages* in the total amount in the sum of $225,000.00; and the Court finds that plaintiff sustained damages in said sum as a result of the occurrence in question.

"IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that the Plaintiff, R. B. Clark, do have and recover of and from the Defendant, Archie Van Sickle, the sum of $225,000.00, with interest thereon at the rate of six per cent (6%) per annum from the date of Judgment, and his costs in this behalf expended, and that he have his execution." (Emphasis ours.)

In his attack upon the judgment above described the appellant relies upon the following points of error.

1. The pleadings were insufficient to support the judgment.

2. The court was without jurisdiction to proceed to judgment in the absence of necessary and indispensable parties.

3. There was insufficient evidence as to (a) the value of improvements and damages, (b) foreseeability of prospective profits, (c) damages from alleged loss of

the ten-year option, and (d) the basis of awarding exemplary damages.

4. There was no evidence to support the judgment.

Points 5 and 6 complain of the error of the court in making its findings of fact and conclusions of law in the absence of no pleadings or evidence or insufficient pleadings or evidence to support same.

We reverse and remand.

After careful study and consideration of the record in this cause we have concluded that the learned trial court has committed error. We sustain each of the points urged by the appellant which are above described.

By way of general observation it will be noted that the lease agreement was executed on June 23, 1972. It was to commence on July 10, 1972. Yet under his testimony the plaintiff believed that he opened for business on July 4, "*1970.*"

In other testimony Clark stated that when he went into possession he spent about a month of pretty hard labor in cleaning, wiring, plumbing and painting, that much time and about three hundred dollars in actual cash. The testimony of Clark and the lease agreement are in grave conflict. It would be unlikely in the absence of any explanation that plaintiff went into possession before July 10, 1972, as was provided in the lease which is the basis of his suit or that he spent about a month of pretty hard labor making the leased premises ready and was open for business on July 4. Under the testimony and the lease provisions, plaintiff could not have opened his business until about a month after July 10, 1972.

The only sum of money expended by appellee was $300.00 for materials for use in repair of wiring, plumbing, painting, cleaning, etc., during "about a month of pretty hard labor." This figure is the only one which Clark was positive about and it was not supported by a single invoice, cancelled check or other supporting data.

There is no evidence in this record showing that plaintiff expended large sums of money in preparing the premises for occupancy and in advertising his business at said location. The testimony as to expenditure of $300.00 does not in our opinion constitute "large sums of money" for the purpose of establishing a business.

We find and hold that the pleadings were insufficient to support the judgment in the sum of $225,000.00. See 17 Tex.Jur.2d 259, Sec. 192, et seq., under "Pleading, Generally," and authorities there cited.

In connection with the point regarding indispensable parties appellant complains of the court non-suiting Thurman Van Sickle who was named as a party defendant. This in our opinion was not error because Thurman Van Sickle was not a party to the lease agreement. There is no showing that he was involved in any manner. He was not shown to be a proper, a necessary or an indispensable party.

However, the record indicates that R. B. Clark and H. M. Massey were partners and named as lessees in the lease agreement. There is no evidence that Massey assigned his interest in the lease to Clark, that the two dissolved their partnership, or that the appellant was agreeable to the lease, absent the signature of Massey. The judgment was for Clark, individually. Under the circumstances the appellant could very well be subject to a second lawsuit by the partner, Massey. Massey, in our opinion, was not only a necessary party but was an indispensable party to the action.

We find and hold that there is no evidence in the record to support exemplary damages in any amount. The only testimony on exemplary damages was plaintiff's answer as to his opinion of why Archie Van Sickle locked him out of the

store. His answer was, "He (Van Sickle) saw real soon that we had the potential of making real good money there and I believe in his own mind he would like to have it for himself or some of his folks, after he saw the potential was there."

We find and hold that this testimony will not support a finding of exemplary damages. Such testimony is based upon mind reading. The record does not contain any evidence of overt acts on the part of Van Sickle which amount to fraud as alleged in plaintiff's pleading.

■ Volume 17, Tex.Jur.2d 253, § 185, recites that ordinarily a breach of contract will not give rise to a legal situation that will permit recovery of exemplary damages, but if the lease contract is shown to have been accompanied by malicious, oppressive, or fraudulent conduct, or to have occurred in such a manner as to constitute a tort, accompanied by fraud, malice or oppression, the wrongdoer may be subjected not only to actual damages but also to exemplary damages. An element of fraud, wilfulness, malice, or oppression is indispensable to the recovery, and where fraud is shown there must also be actual injury. Tortious conduct committed after breach of a contract, no matter how malicious or inexcusable, will not form the basis for recovery of exemplary damages for an infraction of the agreement.

Paragraph 187 of the same text, at page 256, states that the amount of exemplary damages should be reasonably proportioned to the actual damages sustained.

■ In the case at bar the judgment was ". . . for actual and exemplary damages in the total amount in the sum of $225,000.00; . . . ." In view of the language of the judgment we are unable to determine whether or not the ratio of actual damages is reasonably proportioned.

■ The suggestion that the judgment of $225,000.00 consists of any amount for exemplary damages is sufficient to taint

the entire judgment and render it improper. This is so because we find and hold that there is no evidence in this record which will support any sum of money for exemplary damages. Further, the judgment for $225,000.00 represents a double recovery and $125,000.00 more than the plaintiff testified to in the trial of the cause. See 17 Tex.Jur.2d 203, § 137, "Lost Profits, Generally." In same text see § 141, p. 207; § 143, p. 209; § 146, p. 213, to the effect that lost profits may properly be adopted as the measure of damages. See also § 148, p. 215, of same text concerning the "Requirement that business be established," and § 149, p. 216, on "Evidence of loss suffered by established business." To the same effect see 52 C.J.S. Landlord and Tenant § 461(3)c p. 337, and authorities cited under each. McKenzie v. Carte, 385 S.W.2d 520 at p. 528(9, 10) (Corpus Christi Civ.App., 1964, ref., n.r.e.) and the authorities there cited concerning the measure of damages for wrongful eviction or disposition by the landlord..

■ We find and hold that the evidence in this case does not support findings (1) that any money was expended on advertising or that plaintiff's business had been established, (2) that any loss of profits was shown with reasonable certainty or any degree of certainty. The testimony regarding loss of profits was not based upon fact, figures or data of any kind. It was conjectural, highly speculative, and based purely on the guesswork of the plaintiff, the only witness in the case. 17 Tex.Jur. 2d 210, § 143, states that profits do not afford a proper basis for the recovery of damages if they are conjectural and incapable of being ascertained with any reasonable degree of certainty. In this case there is no data from which profits can be ascertained with a reasonable degree of certainty and exactness. The profits in this case as stated are too speculative for a measure of damages.

The record in this case reflects no evidence and insufficient evidence to support the judgment in the sum of $225,000.00 for

loss profits of a store in operation for less than two months, a month of which time was spent in the repair and preparation of the building for the purpose of conducting a business in it.

The appellant in his argument complains of the insufficiency of the legal description of the leased premises.

In our opinion this is controlled by the holding in King v. Brevard, 378 S.W.2d 681 (Austin Civ.App.1964, ref., n.r.e.) and on the basis of such holding we overrule the point.

Finding and holding as we do that the pleadings and the evidence are insufficient to support the judgment in this case, we hereby reverse the judgment of the trial court and remand the cause for trial on the merits.