M.R. CHAMPION, INC. and Barbara Champion, Independent Executrix of the Estate of M.R. Champion, Deceased, Petitioners

v.

Dennis MIZELL, Respondent.

No. D–4296.

Supreme Court of Texas.

March 2, 1995.

Rehearing Overruled Sept. 14, 1995.

Leslie C. Taylor, Houston, Amy C. Thomas, Mexia, and W. James Kronzer, Jr., Houston, for petitioners.

Harry Herzog and Mark D. Wilson, Houston, for respondent.

PER CURIAM.

Petitioners' motion for rehearing is granted, our prior opinion is withdrawn, and the following is now the opinion of the Court.

This case involves a dispute between two former partners. The dispositive issue is whether the trial court correctly construed the jury verdict in rendering judgment. The court of appeals held it did not. 902 S.W.2d 1. We disagree.

Dennis Mizell and M.R. Champion, as partners, contracted to provide services to Northwestern Resources Company for a year

beginning in January 1986. At the end of that year, Champion negotiated a second one-year contract with Northwestern under the name of M.R. Champion, Inc. ("MRCI"), assuring Mizell that they would still perform the contract as partners. In January 1987, Northwestern barred Mizell from its premises for taking some of its property. Champion continued to work for Northwestern throughout the year using equipment leased from Mizell. In December 1987, Champion negotiated a three-year contract with Northwestern covering 1988–1990, again in the name of MRCI. A month later Champion told Mizell the partnership was over.

■ Mizell sued Champion and MRCI. Before the case could be tried, Champion died and the independent executrix of his estate was added as a defendant. Although Mizell asserted a number of claims, he went to trial on only one: breach of fiduciary duty in not obtaining the three-year contract with Northwestern for the partnership. The law applicable to this claim is not disputed. Partners owe each other and their partnership a duty in the nature of a fiduciary duty in the conduct and winding up of partnership business, and are liable for a breach of that duty. TEX.REV.CIV.STAT.ANN. art. 6132b–4.04, –4.05 (Vernon Supp.1995).[1] After the partnership terminates, however, the duty is limited to matters relating to the winding up of the partnership's affairs. *Rice v. Angell,* 73 Tex. 350, 11 S.W. 338, 340 (1889). Specifically, a person has no duty to offer his former partners or partnership a business opportunity which arises after the partnership has terminated. *Id.* 11 S.W. at 340. The dispute centers on when the partnership terminated. Defendants contend that the partnership terminated in January 1987 as a result of Mizell's misconduct toward Northwestern, and that Champion had no duty to refer new business opportunities, like the three-year contract, to the partnership. Mizell asserted that the partnership was not dissolved until Champion withdrew in January 1988, and that Champion continued to be

bound by his fiduciary duty when he obtained the three-year contract for MRCI.

The trial court instructed the jury that Champion owed Mizell and the partnership a fiduciary duty which the trial court defined. The definition did not describe how the duty was affected by termination of the partnership. The jury found that Champion breached his fiduciary duty to Mizell and the partnership, but it was not asked to find when the breach occurred. The jury also found that after Mizell was barred from Northwestern's premises in January 1987, he breached the partnership agreement and conducted himself in such a way that it was not reasonably practicable to carry on partnership business. Based upon this latter finding, the trial court found that the partnership terminated in January 1987, before the breach of fiduciary duty asserted by Mizell. *See* TEX. REV.CIV.STAT.ANN. art. 6132b–6.01 (Vernon Supp.1995). Mizell does not challenge this finding.

On motions of all parties for judgment on the verdict, the trial court rendered judgment for defendants. The court of appeals reversed and rendered judgment for Mizell. It reasoned that since no party complained of a lack of evidence to support any of the jury's findings, judgment must be based on those findings if possible. In the court of appeals' view, the jury's finding that Champion breached his fiduciary duty to Mizell necessarily included the finding that the partnership continued in existence until December 1987, when the only damages claimed by Mizell occurred. The court of appeals concluded that the breach finding left the trial court no alternative but to render judgment for Mizell. 902 S.W.2d 1.

■ We disagree with the court of appeals' analysis. Whether Champion still had a duty to Mizell in December 1987 was not a factual determination which the jury could, or was asked to, make. It was a legal determination, based on the jury's finding concerning Mizell's conduct in January 1987, and the trial court's finding that the partnership

---

1. This case was tried under, and is governed by, the Texas Uniform Partnership Act as it existed prior to adoption of the Texas Revised Partnership Act in 1994. Although the statutory provisions were completely revised in 1994, the principles as they apply to this case have not changed. Accordingly, we refer to the Revised Act.

terminated. The jury was not instructed that the legal effect of Mizell's conduct was to terminate the partnership, and it may have believed otherwise. But that belief, if it existed, cannot change the legal effect of the jury's finding. The jury's finding that Champion breached his fiduciary duty does not control the legal determination of whether such duty existed; the finding concerning Mizell's conduct does.

We conclude that the trial court correctly rendered judgment for defendants. Accordingly, a majority of the court grants Champion's application for writ of error and, without hearing oral argument, reverses the judgment of the court of appeals and renders judgment that Mizell take nothing. TEX. R.APP.P. 170.