Manuel J. BARRAZA, Appellant,

v.

**LAW OFFICES OF SMITH & GOPIN and Howard A. Hickman, Appellees.**

No. 08–95–00090–CV.

Court of Appeals of Texas, El Paso.

Feb. 29, 1996.

Rehearing Overruled March 27, 1996.

Scott Segall, Martin & Segall, El Paso, for appellant.

Michael J. Gopin, Smith & Gopin, El Paso, for appellee.

Before BARAJAS, C.J., and LARSEN and McCLURE, JJ.

## OPINION

McCLURE, Justice.

Appellant Manuel J. Barraza, defendant in the underlying lawsuit, appeals from an adverse judgment of conversion arising from a bench trial. The trial court found that Barraza converted $6,000 belonging to plaintiffs Howard Hickman and the Law Offices of Smith and Gopin. The $6,000 represents the plaintiffs' share of an $18,000 check made out to Barraza, Hickman, and a third party, Cecilia Flores. Barraza alleges in one point of error that we must reverse the judgment of the trial court because a necessary party, Flores, was absent from the proceedings. We affirm.

### FACTUAL SUMMARY

Barraza has failed to timely file a statement of facts. The following is a summary of the trial court's findings of fact which are not disputed on appeal by either party. On May 26, 1992, Cecilia Flores was involved in an automobile accident. On May 28, she visited the Law Offices of Smith and Gopin ("S & G") and signed an employment contract which conveyed to S & G a one-third owner-

ship interest in Flores' claim for personal injuries arising out of the accident. Attorney Hickman, an employee of S & G, handled the lawsuit for Flores for approximately two weeks until Flores terminated S & G's representation on June 10. The trial court found that Flores did not have good cause to terminate the contract, and that S & G retained its one-third interest in Flores' claim. Without a statement of facts or the contract as an exhibit, we must assume that Flores' contract with S & G entitled S & G to retain its ownership interest in Flores' claim unless Flores could demonstrate "good cause" to terminate S & G's services.[1] *See Vasquez v. Vasquez*, 645 S.W.2d 573, 575 (Tex.App.—El Paso 1982, writ ref'd n.r.e.) (in the absence of a statement of facts, findings of fact are binding on the parties and presumed justified by the evidence). After Flores terminated the contract, Attorney Barraza began representing her. Barraza negotiated an $18,000 settlement for Flores and the settlement check, issued December 31, 1992, was payable to Flores, Barraza, and Hickman. Although Barraza was aware of Flores' contract with S & G, Barraza did not inform S & G or Hickman that he had settled the case, nor did he attempt to contact Hickman to secure Hickman's endorsement on the check.[2] Barraza deposited the check in his escrow account with Hickman's signature

forged on it, dispersed two-thirds of the funds to Flores, and dispersed the remaining funds to himself.[3] The trial court concluded that S & G owned a one-third interest in Flores' $18,000 personal injury recovery, and that one-third of Flores' recovery equaled $6,000. The trial court found that Barraza had unlawfully and without authority assumed dominion and control over S & G's share of the proceeds in the settlement check.

## WAS FLORES A NECESSARY PARTY?

Barraza alleges in his sole point of error that we must reverse the judgment because a necessary party, Flores, was not made a party to the lawsuit. Tex.R.Civ.P. 39(a) states that:

A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise in-

---

1. Nothing in this opinion should be construed as our approval of this type of contract between attorneys and their clients. We are without benefit of the contract or a statement of facts that might explain the terms of the contract. It is obvious, however, that any contract that would entitle an attorney to one-third of a plaintiff's recovery where the attorney represented the plaintiff for only two weeks before the plaintiff chose other counsel, was not instrumental in the eventual settlement occurring almost six months after the plaintiff terminated the contract, and, indeed, seems to have had nothing to do with the case after the initial two-week representation, is patently unfair to the plaintiff and chills a plaintiff's right to counsel of his or her choice.

2. In their pleadings, S & G alleged that Barraza's failure to inform S & G of the settlement violated Tex.Disciplinary R.Prof.Conduct 1.14(b) (1995), *reprinted in* Tex.Gov't Code Ann., tit. 2, subtit. G app. (Vernon Supp.1996) (State Bar Rules art. X, § 9). In its findings of fact and conclusions of law, the trial court found that Barraza "did not contact [S & G] to inform them [Flores] had settled her case, to secure the signa-

ture of [Hickman], or to secure authority to release or disburse [S & G]'s interest in the [Flores] settlement proceeds." The court concluded that "Rule 1.14(b) of the Texas Rules of Disciplinary Procedure [sic] imposes an obligation on [Barraza] to contact [S & G] about the [Flores] settlement proceeds." Barraza does not challenge these findings and conclusions on appeal. We additionally note that a State Bar Grievance Committee has investigated the allegations and concluded that Barraza did not violate any ethical or disciplinary rules.

3. Although it found that Hickman's signature was forged, the trial court made no finding as to the identity of the individual who actually forged the check, nor can we ascertain the identity of the forger on the basis of the record before us. We note, however, that in his answers to interrogatories, Barraza responded that only he and Flores had executed the settlement check and that the identity of the forger was "unknown." Significantly, Barraza has not challenged on appeal the finding of forgery, nor has he secured additional or amended findings that he is not the forger.

consistent obligations by reason of his claimed interest.

From the record before us, we cannot conclude that Flores' position relative to this lawsuit meets either of the two standards.

### Complete Relief Can Be Accorded

■ A party is necessary to litigation when, in his or her absence, complete relief cannot be accorded among those already parties. *See* TEX.R.CIV.P. 39(a)(1). Barraza alleges that his liability to Hickman and S & G hinges on the contract between Flores and S & G. Barraza argues that without Flores, the parties' rights in the contract cannot be determined, and therefore, complete relief cannot be accorded. We disagree. Barraza's liability derives from the settlement check itself, not from Flores' contract with S & G. The settlement check was made in favor of three payees: Flores, Barraza, and Hickman, an employee of S & G. Hickman and S & G therefore had recognizable rights in an identifiable fund represented by the check. *See Estate of Townes v. Townes*, 867 S.W.2d 414, 419 (Tex.App.—Houston [14th Dist.] 1993, writ denied) (money subject to conversion when it can be described or identified as a specific chattel, and not where an indebtedness may be discharged by the payment of money generally). Thus, the funds represented by the settlement check were subject to conversion. *Id.* "Conversion" is the wrongful exercise of dominion and control over another's property in denial of, or inconsistent with, his rights. *George Thomas Homes, Inc. v. Southwest Tension Systems, Inc.*, 763 S.W.2d 797, 800 (Tex.App.—El Paso 1988, no writ). A plaintiff must prove that at the time of the conversion, he or she was the owner of the property, had legal possession of it, or was entitled to possession. *Whitaker v. Bank of El Paso*, 850 S.W.2d 757, 760 (Tex.App.—El Paso 1993, no writ).

■ Because this particular check had three payees, Hickman and S & G had to prove the extent to which they were entitled to possession of the check funds as opposed to the other two payees, and the extent to which Barraza interfered with their rights. *See George Thomas Homes*, 763 S.W.2d at 800; *Whitaker*, 850 S.W.2d at 760. The contract provided evidence of the extent of Hickman's and S & G's ownership interest in the check. With regard to Flores' ownership interest, Barraza concedes that he disbursed two-thirds of the settlement proceeds to Flores, the amount to which she would have been entitled under the contract with S & G. Flores' rights in the contract and in the settlement proceeds were satisfied when she received payment. Her contractual rights were not in dispute in this case. The record does not indicate that Hickman and S & G made any claim that Flores converted the funds she received, nor is there any evidence that they, or Barraza, disputed Flores' entitlement to two-thirds of the funds pursuant to the contract. Indeed, the only issue before the court was whether Barraza or S & G was legally entitled to the remaining third of the check funds and Flores' presence in the litigation was unnecessary to a determination of the respective rights of Barraza and S & G. Accordingly, Flores was not a necessary party pursuant to TEX.R.CIV.P. 39(a)(1).

### The Record Reflects No Claim by Flores

■ A party also may be necessary to litigation when the party claims an interest in the subject of the action and the party's absence either impedes his or her ability to protect his or her interest, or, leaves any of the persons already parties subject to substantial risk of incurring multiple or otherwise inconsistent obligations to the absent party. *See* TEX.R.CIV.P. 39(a)(2). Barraza concedes that he disbursed Flores' two-thirds interest in the settlement proceeds to her. No one disputed Flores' entitlement to the $12,000 she received, and there is no evidence in the record that Flores made any claim to the $6,000 portion of the settlement check that is the subject matter of this lawsuit. Thus, this litigation did not affect Flores' ability to protect her interest in the settlement proceeds, nor did it leave Barraza subject to potential double liability to Flores. Accordingly, Flores can not be a necessary party pursuant to TEX.R.CIV.P. 39(a)(2).

### Barraza's Claims Against Flores

■ During oral argument, Barraza suggested that in any subsequent litigation he

may initiate against Flores to recover attorney's fees arising from his successful representation of her, Flores could rely on the findings in this case that she lacked good cause to terminate S & G, and that she owes no further fees to anyone. We note that to the extent Barraza envisioned the necessity to recover from Flores a portion of the $12,-000 he had already disbursed to her, he could have invoked the protection of TEX.R.CIV.P. 38(a), which provides that a defending party, as a third-party plaintiff, may cause a citation and petition to be served upon a person not a party to the action *"who is or may be liable to him or to the plaintiff for all or part of the plaintiff's claim against him."* [Emphasis added]. He chose not to do so, and we are not persuaded that his failure to join Flores lends credence to his argument that Flores was nevertheless a necessary party.

### CONCLUSION

We overrule Barraza's point of error and affirm the judgment of the trial court.