COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-062-CV
 
WAYNE A. LONG                                                                    
APPELLANT
V.
SERGIO LOPEZ                                                                        
APPELLEE
------------
FROM THE 235TH DISTRICT COURT OF COOKE COUNTY
------------
OPINION
------------
Appellant Wayne A. Long sued Appellee
Sergio Lopez to recover from him, jointly and severally, his portion of a
partnership debt that Appellant had paid. After a bench trial, the trial court
ruled that Appellant take nothing from Appellee. We reverse and render, and
remand for calculation of attorney's fees in this suit and pre- and
post-judgment interest.
BACKGROUND
Formation
and operation of the partnership
Appellant testified that in September
1996, Appellant, Appellee, and Don Bannister entered into an oral partnership
agreement in which they agreed to be partners in Wood Relo ("the
partnership"), a trucking business located in Gainesville, Texas. Wood Relo
located loads for and dispatched approximately twenty trucks it leased from
owner-operators.
Appellant said that in forming this
partnership, the three individuals signed and filed with the county clerk on
September 3, 1996 an assumed name certificate stating they were doing business
as Wood Relo, a "General Partnership." This certificate was admitted
into evidence at trial. Appellant testified that the three partners agreed to
share equally one-third of the profits and losses of the partnership. All three
partners were authorized to sign checks on Wood Relo's bank account.(1) 
Appellee testified, however, that even though they signed the assumed name
certificate and the bank ownership form, in his opinion there was no partnership
agreement among the three men.
The trial court found that Appellant,
Appellee, and Bannister formed a partnership, Wood Relo, without a written
partnership agreement. (2) In his brief on
appeal, Appellee does not contest these findings.
Appellant testified that to properly
conduct the partnership's business, he entered into an office equipment lease
with IKON Capital Corporation ("IKON") on behalf of the partnership.
The lease was a thirty-month contract under which the partnership leased a
telephone system, fax machine, and photocopier at a rate of $577.91 per month.
The lease agreement was between IKON and Wood Relo; the "authorized
signer" was listed as Wayne Long, who also signed as personal guarantor.
Appellant stated that all three partners
were authorized to buy equipment for use by the partnership. He testified that
the partners had agreed that it was necessary for the partnership to lease the
equipment and that on the day the equipment was delivered to Wood Relo's office,
Appellant was the only partner at the office; therefore, Appellant was the only
one available to sign the lease and personal guaranty that IKON required.
Appellant and Appellee both acknowledged
that around March of 1997, the disintegration of a key business relationship
between Wood Relo and another company caused Wood Relo to become unable to carry
out its business. Appellant testified that Bannister, the third partner,
"decided to . . . pull up stake and go home," quitting the
partnership. Later, Bannister filed for personal bankruptcy. Appellant testified
that when Bannister left Wood Relo, the partnership still had "quite a
few" debts to pay, including the IKON lease.
The
claim by IKON
In April 1997, when the partnership closed
its Gainesville office due to decreased business, the IKON office equipment was
moved to an office the parties were using in Sherman. Appellant testified that
he and Appellee worked with IKON to negotiate a settlement for IKON to repossess
the equipment, but IKON would not do so. Eventually, IKON did repossess all the
leased equipment. Appellant testified that he received a demand letter from
IKON, requesting payment by Wood Relo of overdue lease payments and accelerating
payment of the remaining balance of the lease. IKON sought recovery of past due
payments in the amount of $2,889.55 and accelerated future lease payments in the
amount of $11,558.20, for a total of $14,447.75, plus interest, costs, and
attorney's fees, with the total exceeding $16,000. Appellant testified that he
advised Appellee that he had received the demand letter from IKON.
Ultimately, IKON filed a lawsuit against
Appellant individually and d/b/a Wood Relo, but did not name Appellee or
Bannister as parties to the suit. Through his counsel, Appellant negotiated a
settlement with IKON for a total of $9,000. An agreed judgment was entered in
conjunction with the settlement agreement providing that if Appellant did not
pay the settlement, Wood Relo and Appellant would owe IKON $12,000.
After settling the IKON lawsuit,
Appellant's counsel sent a letter to Appellee and Bannister regarding the
settlement agreement, advising them that they were jointly and severally liable
for the $9,000 that extinguished the partnership's debt to IKON, plus attorney's
fees. At trial, Appellant said Appellee then called him, very upset, saying that
he refused to pay anything. Appellant claimed that he told Appellee about the
default on the IKON lease before the lawsuit was filed; however, Appellee
testified he did not know of the default until Appellant sent a letter to him
informing him that the settlement had already occurred. (3)
In response to Appellant's original
petition, Appellee filed a general denial, but did not file a verified plea
denying the existence of the partnership.
FINDINGS OF FACT AND
CONCLUSIONS OF LAW
After ruling that Appellant take nothing
from Appellee, the trial court made the following findings of fact and
conclusions of law:
FINDINGS OF FACT
1. Plaintiff and Defendant were two of the
three partners in a partnership.
2. The third partner is in bankruptcy.
3. Plaintiff signed a contract with a
third party for the partnership and individually as a guarantor.
4. The partnership did not have a written
partnership agreement.
5. The partnership defaulted on the
payments dues [sic] under the contract with the said third party.
6. The third party sued Plaintiff after
the default.
7. Defendant was not sued by the third
party, and was not brought into the lawsuit by the Plaintiff.
8. Defendant was not aware of the lawsuit
by the third party.
9. Plaintiff settled the lawsuit with the
third party without consulting Defendant or obtaining Defendant's agreement.
10. Plaintiff sued Defendant for 1/3 of
the amount for which the Plaintiff settled the lawsuit brought by the third
party.
 
CONCLUSIONS OF LAW
1. A
partner does not have authority to act for a partnership unless it is apparent
authority or authority granted to them by a written partnership
agreement.
2. When Plaintiff settled the lawsuit with
the third party, and without bringing Defendant into the lawsuit, or consulting
the Defendant, the Plaintiff was not
acting for the partnership, because he had no apparent authority with respect to
lawsuits.
3. Plaintiff takes nothing as to Defendant
in the present lawsuit. [Emphasis added.]
 
TEXAS REVISED PARTNERSHIP
ACT
The trial court determined that Appellant
was not entitled to reimbursement from Appellee because Appellant was not acting
for the partnership when he settled IKON's claim against the partnership. The
court based its conclusion on the fact that Appellant had no "apparent
authority with respect to lawsuits" and had not notified Appellee of the
IKON lawsuit.
Authority
to act for partnership
To the extent that a partnership agreement
does not otherwise specify, the provisions of the Texas Revised Partnership Act
govern the relations of the partners and between the partners and the
partnership. Tex. Rev. Civ. Stat. Ann. art. 6132b-1.03(a). Under the Act, each
partner has equal rights in the management and conduct of the business of a
partnership. Id. art. 6132b-4.01(d). With certain inapplicable
exceptions, all partners are liable jointly and severally for all debts and
obligations of the partnership unless otherwise agreed by the claimant or
provided by law. Id. art. 6132b-3.04. A partnership may be sued and may
defend itself in its partnership name. Id. art. 6132b-3.01(1). Each
partner is an agent of the partnership for the purpose of its business; unless
the partner does not have authority to act for the partnership in a particular
matter and the person with whom the partner is dealing knows that the partner
lacks authority, an act of a partner, including the execution of an instrument
in the partnership name, binds the partnership if "the act is for
apparently carrying on in the ordinary course: (1) the partnership
business." Id. art. 6132b-3.02(a)(1). If the act of a partner is
not apparently for carrying on the partnership business, an act of a partner
binds the partnership only if authorized by the other partners. Id.
art. 6132b-3.02(b)(1).
The extent of authority of a partner is
determined essentially by the same principles as those measuring the scope of
the authority of an agent. Cook v. Brundidge, 533 S.W.2d 751, 758 (Tex.
1976). As a general rule, each partner is an agent of the partnership and is
empowered to bind the partnership in the normal conduct of its business. Tex.
Rev. Civ. Stat. Ann. art. 6132b- 3.02(a). Generally, an agent's authority is
presumed to be coextensive with the business entrusted to his care. Wheaton
Van Lines, Inc. v. Mason, 925 S.W.2d 722, 731 (Tex. App.--Fort Worth 1996,
writ denied); Hedley Feedlot, Inc. v. Weatherly Trust, 855 S.W.2d 826,
837 (Tex. App.--Amarillo 1993, writ denied) (op. on reh'g). An agent is limited
in his authority to such contracts and acts as are incident to the management of
the particular business with which he is entrusted. Wheaton Van Lines, Inc.,
925 S.W.2d at 731.
Winding
up the partnership
A partner's duty of care to the
partnership and the other partners is to act in the conduct and winding up of
the partnership business with the care an ordinarily prudent person would
exercise in similar circumstances. Tex. Rev. Civ. Stat. Ann. art. 6132b-4.04(c).
During the winding up of a partnership's business, a partner's fiduciary duty to
the other partners and the partnership is limited to matters relating to the
winding up of the partnership's affairs. M.R. Champion, Inc. v. Mizell,
904 S.W.2d 617, 618 (Tex. 1995).
Appellant testified that he entered into
the settlement agreement with IKON to save the partnership a substantial amount
of money. IKON's petition sought over $16,000 from the partnership, and the
settlement agreement was for $9,000; therefore, Appellant settled IKON's claim
for 43% less than the amount for which IKON sued the partnership.
Both Appellant and Appellee testified that
the partnership "fell apart," "virtually was dead," and had
to move elsewhere. Appellant testified that, because of the demise of the
partnership operations, the company for which the partnership was acting as an
agent had reworked its system, resulting in the partnership no longer being able
to make any profit. The inability of the partnership to continue its trucking
business was an event requiring the partners to wind up the affairs of the
partnership. See Tex. Rev. Civ. Stat. Ann. art. 6132(b)-8.01(b)(2). It
was no longer capable of operating its business, and had moved its operations to
Sherman, where the partners could begin to dispose of the partnership's
property.
The Act provides that a partner winding up
a partnership's business is authorized, to the extent appropriate for winding
up, to perform the following in the name of and for and on behalf of the
partnership:

 (1) prosecute and defend civil,
 criminal, or administrative suits;
 (2) settle and close the partnership's
 business;
 (3) dispose of and convey the
 partnership's property;
 (4) satisfy or provide for the
 satisfaction of the partnership's liabilities;
 (5) distribute to the partners any
 remaining property of the partnership; and
 (6) perform any other necessary act.

Id. art. 6132b-8.03(b).
Appellant accrued the IKON debt on behalf
of the partnership when he secured the office equipment for partnership
operations, and he testified that he entered into the settlement with IKON when
the partnership was in its final stages and the partners were going their
separate ways. Accordingly, Appellant was authorized by the Act to settle the
IKON lawsuit on behalf of the partnership. See id. art.
6132b-8.03(b)(2), (4), (6).
WAS APPELLEE A NECESSARY
PARTY TO THE IKON SUIT?
Appellee argues that pursuant to Rule 39
of the Texas Rules of Civil Procedure he was an indispensable and necessary
party to the suit brought against the partnership by IKON,(4)
and because he was not brought into that lawsuit he is not legally responsible
to reimburse Appellant for satisfying the judgment between the partnership and
IKON. We disagree.
In a suit brought against a partnership,
it is not necessary to serve all the partners to support a judgment against the
partnership. Shawell v. Pend Oreille Oil & Gas Co., 823 S.W.2d 336,
337 (Tex. App.--Texarkana 1991, writ denied); see Tex. Civ. Prac. &
Rem. Code Ann. §§ 17.022,(5) 31.003(6)
(Vernon 1997); Tex. R. Civ. P. 28.(7)
In support of his contention that he was a
necessary party to the lawsuit between IKON and the partnership, Appellee cites
three cases, all of which we find distinguishable. The case of Connor v.
Texas Bank & Trust Co. involved an appeal of a plea of privilege and
dealt with liability under the Texas Negotiable Instruments Act. 259 S.W.2d 901,
902-05 (Tex. Civ. App.--Texarkana 1953, no writ). These procedural differences
make the case inapplicable to our analysis in the case before us.
In Van Sickle v. Clark, two
individuals, Clark and Massey, were in a partnership as lessees. 510 S.W.2d 664,
666-67 (Tex. Civ. App.--Fort Worth 1974, no writ). Clark sued the lessor for
damages as a result of the lessor's alleged breach of the lease agreement. Id.
Clark sued solely in his individual capacity, without naming the partnership,
and judgment was for Clark individually. Id. at 668. The appellate
court held that because the lessor could be subject to a second lawsuit by
Massey, he was a necessary and indispensable party to the action. Van Sickle
is distinguishable from the case before us because the partnership was never a
party to the lawsuit in Van Sickle.
The final case relied upon by Appellee, Barraza
v. Law Offices of Smith & Gopin, is not on point because it did not
involve partners or an alleged partnership agreement. 918 S.W.2d 608, 611 (Tex.
App.--El Paso 1996, no writ).
Accordingly, we disagree with Appellee's
contention that Rule 39 required him to be joined as a necessary party to the
judgment between IKON as plaintiff and Wood Relo and Appellant as defendants.
APPELLEE'S LIABILITY FOR
THE IKON DEBT
If a partner reasonably incurs a liability
in excess of the amount he agreed to contribute in properly conducting the
business of the partnership or for preserving the partnership's business or
property, he is entitled to be repaid by the partnership for that excess amount.
Tex. Rev. Civ. Stat. Ann. art. 6132b-4.01(c). A partner may sue another partner
for reimbursement if the partner has made such an excessive payment. Id.
art. 6132b-4.06(b)(2)(A).
With two exceptions not applicable to the
facts of this case, all partners are liable jointly and severally for all debts
and obligations of the partnership unless otherwise agreed by the claimant or
provided by law. See id. art. 6132b-3.04. Because Wood Relo was sued
for a partnership debt made in the proper conduct of the partnership business,
and Appellant settled this claim in the course of winding up the partnership, he
could maintain an action against Appellee for reimbursement of Appellant's
disproportionate payment. See id. arts. 6132b-4.01(c), -4.06(b)(2)(A).
ATTORNEY'S FEES
Appellant sought to recover the attorney's
fees expended in defending the IKON claim, and attorney's fees expended in the
instant suit against Appellee. Testimony established that it was necessary for
Appellant to employ an attorney to defend the action brought against the
partnership by IKON; therefore, the attorney's fees related to defending the
IKON lawsuit on behalf of Wood Relo are a partnership debt for which Appellee is
jointly and severally liable. As such, Appellant is entitled to recover from
Appellee one-half of the attorney's fees attributable to the IKON lawsuit. The
evidence established that reasonable and necessary attorney's fees to defend the
IKON lawsuit were $1725.(8) Therefore, Appellant
is entitled to recover from Appellee $862.50.
Appellant also seeks to recover the
attorney's fees expended pursuing the instant lawsuit. See Tex. Civ.
Prac. & Rem. Code Ann. § 38.001(8) (authorizing recovery of attorney's fees
in successful suit under an oral contract); see also Atterbury v. Brison,
871 S.W.2d 824, 828 (Tex. App.--Texarkana 1994, writ denied) (holding attorney's
fees are recoverable by partner under section 38.001(e) because action against
other partner was founded on partnership agreement, which was a contract). We
agree that Appellant is entitled to recover reasonable and necessary attorney's
fees incurred in bringing the instant lawsuit. Because we are remanding this
case so the trial court can determine the amount of pre- and post-judgment
interest to be awarded to Appellant, we also remand to the trial court the issue
of the amount of attorney's fees due to Appellant in pursuing this lawsuit
against Appellee for collection of the amount paid to IKON on behalf of the
partnership.
CONCLUSION
We hold the trial court erred in
determining that Appellant did not have authority to act for Wood Relo in
defending, settling, and paying the partnership debt owed by Wood Relo to IKON.
Appellee is jointly and severally liable to IKON for $9,000, which represents
the amount Appellant paid IKON to defend and extinguish the partnership debt.(9)
We hold that Appellee is jointly and severally liable to Appellant for $1725,
which represents the amount of attorney's fees Appellant paid to defend against
the IKON claim. We further hold that Appellant is entitled to recover from
Appellee reasonable and necessary attorney's fees in pursuing the instant
lawsuit. We sustain Appellant's first, third, fourth, fifth, seventh, and eighth
issues. Because of our disposition, it is unnecessary to address Appellant's
remaining issues. See Tex. R. App. P. 47.1.
We reverse the judgment of the trial
court. We render judgment that Appellee owes Appellant $5362.50 (one-half of the
partnership debt to IKON plus one-half of the corresponding attorney's fees). We
remand the case to the trial court for calculation of the amount of attorney's
fees owed by Appellee to Appellant in the instant lawsuit, and calculation of
pre- and post-judgment interest.
 
                                                                       
DIXON W. HOLMAN
                                                                       
JUSTICE
 
PANEL B: HOLMAN, GARDNER, and WALKER, JJ.
DELIVERED: August 21, 2003

1. It was noted at trial that the bank's "Business
Account Agreement" states in the section designated "Ownership of
Account" that Wood Relo is a "Corporation - For Profit," even
though one of the possible boxes that could have been checked is
"Partnership." Appellant testified that this was a mistake and that
when the three partners signed the bank ownership card, they did not notice that
the wrong box was checked; he stated that Wood Relo is definitely not a
corporation.
2. See Tex. Rev. Civ. Stat. Ann. art.
6132b-1.01(12) (Vernon Supp. 2003) ("'Partnership agreement' means any
agreement, written or oral, of the partners concerning a partnership."); id.
art. 6132b-2.02(a) ("[A]n association of two or more persons to carry on a
business for profit as owners creates a partnership, whether the persons intend
to create a partnership and whether the association is called a 'partnership,'
'joint venture,' or other name.").
3. Appellant has subsequently paid the agreed settlement
in full, and IKON has released its judgment.
4. Tex. R. Civ. P. 39(a) ("A person who is subject to
service of process shall be joined as a party in the action if (1) in his
absence complete relief cannot be accorded among those already parties, or (2)
he claims an interest relating to the subject of the action and is so situated
that the disposition of the action in his absence may (i) as a practical matter
impair or impede his ability to protect that interest or (ii) leave any of the
persons already parties subject to a substantial risk of incurring double,
multiple, or otherwise inconsistent obligations by reason of his claimed
interest.")
5. "Citation served on one member of a partnership
authorizes a judgment against the partnership and the partner actually
served."
6. "If a suit is against several partners who are
jointly indebted under a contract and citation has been served on at least one
but not all of the partners, the court may render judgment against the
partnership and against the partners who were actually served, but may not award
a personal judgment or execution against any partner who was not served."
7. Any partnership may be sued in its partnership name for
the purpose of enforcing against it a substantive right.
8. Appellant's attorney testified that Appellant paid
$2700 in attorney's fees to defend and settle the IKON suit. However, the
itemization and invoices introduced into evidence by Appellant clearly indicate
that $975 of the $2700 is attributable to the preparation and filing of the
instant suit against Appellee. Accordingly, that amount is not included in the
attorney's fees that directly relate to defending the IKON suit.
9. The claims against Bannister filed by Appellant,
Appellee, Wood Relo, and Appellant's attorney have been discharged in
bankruptcy.