LONG V. LOPEZ

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-062-CV

WAYNE A. LONG APPELLANT

V.

SERGIO LOPEZ APPELLEE

------------

FROM THE 235TH DISTRICT COURT OF COOKE COUNTY

------------

OPINION

------------

Appellant Wayne A. Long sued Appellee Sergio Lopez to recover from him, jointly and severally, his portion of a partnership debt that Appellant had paid.  After a bench trial, the trial court ruled that Appellant take nothing from Appellee.  We reverse and render, and remand for calculation of attorney’s fees in this suit and pre- and post-judgment interest.

BACKGROUND

Formation and operation of the partnership

Appellant testified that in September 1996, Appellant, Appellee, and Don Bannister entered into an oral partnership agreement in which they agreed to be partners in Wood Relo (“the partnership”), a trucking business located in Gainesville, Texas.  Wood Relo located loads for and dispatched approximately twenty trucks it leased from owner-operators.

Appellant said that in forming this partnership, the three individuals signed and filed with the county clerk on September 3, 1996 an assumed name certificate stating they were doing business as Wood Relo, a “General Partnership.”  This certificate was admitted into evidence at trial.  Appellant testified that the three partners agreed to share equally one-third of the profits and losses of the partnership.  All three partners were authorized to sign checks on Wood Relo’s bank account.
(footnote: 1)  Appellee testified, however, that even though they signed the assumed name certificate and the bank ownership form, in his opinion there was no partnership agreement among the three men. 

The trial court found that Appellant, Appellee, and Bannister formed a partnership, Wood Relo, without a written partnership agreement.
(footnote: 2)  In his brief on appeal, Appellee does not contest these findings.      

Appellant testified that to properly conduct the partnership’s business, he entered into an office equipment lease with IKON Capital Corporation (“IKON”) on behalf of the partnership.  The lease was a thirty-month contract under which the partnership leased a telephone system, fax machine, and photocopier at a rate of $577.91 per month.  The lease agreement was between IKON and Wood Relo; the “authorized signer” was listed as Wayne Long, who also signed as personal guarantor.

Appellant stated that all three partners were authorized to buy equipment for use by the partnership.  He testified that the partners had agreed that it was necessary for the partnership to lease the equipment and that on the day the equipment was delivered to Wood Relo’s office, Appellant was the only partner at the office; therefore, Appellant was the only one available to sign the lease and personal guaranty that IKON required.

Appellant and Appellee both acknowledged that around March of 1997, the disintegration of a key business relationship between Wood Relo and another company caused Wood Relo to become unable to carry out its business.  Appellant testified that Bannister, the third partner, “decided 
to . . . 
pull up stake and go home,” quitting the partnership.  Later, Bannister filed for personal bankruptcy.  Appellant testified that when Bannister left Wood Relo, the partnership still had “quite a few” debts to pay, including the IKON lease.

The claim by IKON

In April 1997, when the partnership closed its Gainesville office due to decreased business, the IKON office equipment was moved to an office the parties were using in Sherman.  Appellant testified that he and Appellee worked with IKON to negotiate a settlement for IKON to repossess the equipment, but IKON would not do so.  Eventually, IKON did repossess all the leased equipment.  Appellant testified that he received a demand letter from IKON, requesting payment by Wood Relo of overdue lease payments and accelerating payment of the remaining balance of the lease.  IKON sought recovery of past due payments in the amount of $2,889.55 and accelerated future lease payments in the amount of $11,558.20, for a total of $14,447.75, plus interest, costs, and attorney’s fees, with the total exceeding $16,000.  Appellant testified that he advised Appellee that he had received the demand letter from IKON.

Ultimately, IKON filed a lawsuit against Appellant individually and d/b/a Wood Relo, but did not name Appellee or Bannister as parties to the suit. Through his counsel, Appellant negotiated a settlement with IKON for a total of $9,000.  An agreed judgment was entered in conjunction with the settlement agreement providing that if Appellant did not pay the settlement, Wood Relo and Appellant would owe IKON $12,000.

After settling the IKON lawsuit, Appellant’s counsel sent a letter to Appellee and Bannister regarding the settlement agreement, advising them that they were jointly and severally liable for the $9,000 that extinguished the partnership’s debt to IKON, plus attorney’s fees.  At trial, Appellant said Appellee then called him, very upset, saying that he refused to pay anything.  Appellant claimed that he told Appellee about the default on the IKON lease before the lawsuit was filed; however, Appellee testified he did not know of the default until Appellant sent a letter to him informing him that the settlement had already occurred.
(footnote: 3)
 In response to Appellant’s original petition, Appellee filed a general denial, but did not file a verified plea denying the existence of the partnership.

FINDINGS OF FACT AND CONCLUSIONS OF LAW

After ruling that Appellant take nothing from Appellee, the trial court made the following findings of fact and conclusions of law:

FINDINGS OF FACT 

   1. Plaintiff and Defendant were two of the three partners in a partnership.

2. The third partner is in bankruptcy.

3. Plaintiff signed a contract with a third party for the partnership and individually as a guarantor.

4. The partnership did not have a written partnership agreement.

5. The partnership defaulted on the payments dues [sic] under the contract with the said third party.

6. The third party sued Plaintiff after the default.

7. Defendant was not sued by the third party, and was not brought into the lawsuit by the Plaintiff. 

8. Defendant was not aware of the lawsuit by the third party.

9. Plaintiff settled the lawsuit with the third party without consulting Defendant or obtaining Defendant’s agreement.

10. Plaintiff sued Defendant for 1/3 of the amount for which the Plaintiff settled the lawsuit brought by the third party.

CONCLUSIONS OF LAW

1. 
A partner does not have authority to act for a partnership unless it is apparent authority
 or authority granted to them by a written partnership agreement.  

2. When Plaintiff settled the lawsuit with the third party, and without bringing Defendant into the lawsuit, or consulting the Defendant, 
the Plaintiff was not acting for the partnership, because he had no apparent authority with respect to lawsuits
.

3. Plaintiff takes nothing as to Defendant in the present lawsuit.  [Emphasis added.]

TEXAS REVISED PARTNERSHIP ACT

The trial court determined that Appellant was not entitled to reimbursement from Appellee because Appellant was not acting for the partnership when he settled IKON’s claim against the partnership.  The court based its conclusion on the fact that Appellant had no “apparent authority with respect to lawsuits” and had not notified Appellee of the IKON lawsuit.

Authority to act for partnership

To the extent that a partnership agreement does not otherwise specify, the provisions of the Texas Revised Partnership Act govern the relations of the partners and between the partners and the partnership.  
Tex. Rev. Civ. Stat. Ann. 
art. 6132b-1.03(a).  Under the Act, each partner has equal rights in the management and conduct of the business of a partnership.  
Id
. art. 6132b-4.01(d).  With certain inapplicable exceptions, all partners are liable jointly and severally for all debts and obligations of the partnership unless otherwise agreed by the claimant or provided by law.  
Id
. art. 6132b-3.04.  A partnership may be sued and may defend itself in its partnership name.  
Id
. art. 6132b-3.01(1).  Each partner is an agent of the partnership for the purpose of its business; unless the partner does not have authority to act for the partnership in a particular matter and the person with whom the partner is dealing knows that the partner lacks authority, an act of a partner, including the execution of an instrument in the partnership name, binds the partnership if “the act is for apparently carrying on in the ordinary course:  (1) the partnership business.”  
Id
. art. 6132b-3.02(a)(1).  If the act of a partner is not apparently for carrying on the partnership business, an act of a partner binds the partnership only if authorized by the other partners.  
Id
. art. 6132b-3.02(b)(1).       

 The extent of authority of a partner is determined essentially by the same principles as those measuring the scope of the authority of an agent.  
Cook v. Brundidge
, 533 S.W.2d 751, 758 (Tex. 1976).
  As a general rule, each partner is an agent of the partnership and is empowered to bind the partnership in the normal conduct of its business.  
Tex. Rev. Civ. Stat. Ann. 
art. 6132b- 3.02(a).  Generally, an agent's authority is presumed to be coextensive with the business entrusted to his care.  
Wheaton Van Lines, Inc. v. Mason
, 925 S.W.2d 722, 731 (Tex. App.—Fort Worth 1996, writ denied)
; 
Hedley Feedlot, Inc. v. Weatherly Trust
, 855 S.W.2d 826, 837 (Tex. App.—Amarillo 1993, writ denied) (op. on reh’g).  An agent is limited in his authority to such contracts and acts as are incident to the management of the particular business with which he is entrusted.
  Wheaton Van Lines, Inc.,
 
925 S.W.2d at 731.
  

Winding up the partnership

A partner’s duty of care to the partnership and the other partners is to act in the conduct and winding up of the partnership business with the care an ordinarily prudent person would exercise in similar circumstances.  
Tex. Rev. Civ. Stat. Ann. 
art. 6132b-4.04(c).  During the winding up of a partnership’s business, a partner’s fiduciary duty to the other partners and the partnership is limited to matters relating to the winding up of the partnership's affairs.
 
 M.R. Champion, Inc. v. Mizell,
 904 S.W.2d 617, 618 (Tex. 1995).
  

Appellant testified that he entered into the settlement agreement with IKON to save the partnership a substantial amount of money.  IKON’s petition sought over $16,000 from the partnership, and the settlement agreement was for $9,000; therefore, Appellant settled IKON’s claim for 43% less than the amount for which IKON sued the partnership.

Both Appellant and Appellee testified that the partnership “fell apart,”  “virtually was dead,” and had to move elsewhere.  Appellant testified that, because of the demise of the partnership operations, the company for which the partnership was acting as an agent had reworked its system, resulting in the partnership no longer being able to make any profit.  The inability of the partnership to continue its trucking business was an event requiring the partners to wind up the affairs of the partnership.  
See
 
Tex. Rev. Civ. Stat. Ann.
 art. 6132(b)-8.01(b)(2).  It was no longer capable of operating its business, and had moved its operations to Sherman, where the partners could begin to dispose of the partnership’s property.  

The Act provides that a partner winding up a partnership’s business is authorized, to the extent appropriate for winding up, to perform the following in the name of and for and on behalf of the partnership:

(1) prosecute and defend civil, criminal, or administrative suits;

(2) settle and close the partnership's business;

(3) dispose of and convey the partnership's property;

(4) satisfy or provide for the satisfaction of the partnership's liabilities;

(5) distribute to the partners any remaining property of the partnership; and

(6) perform any other necessary act.

Id
. art. 6132b-8.03(b).

Appellant accrued the IKON debt on behalf of the partnership when he secured the office equipment for partnership operations, and he testified that he entered into the settlement with IKON when the partnership was in its final stages and the partners were going their separate ways.  Accordingly, Appellant was authorized by the Act to settle the IKON lawsuit on behalf of the partnership.  
See id.
 art. 6132b-8.03(b)(2), (4), (6).

WAS APPELLEE A NECESSARY PARTY TO THE IKON SUIT?

Appellee argues that pursuant to Rule 39 of the Texas Rules of Civil Procedure he was an indispensable and necessary party to the suit brought against the partnership by IKON,
(footnote: 4) and because he was not brought into that lawsuit he is not legally responsible to reimburse Appellant for satisfying the  judgment between the partnership and IKON.  We disagree. 

In a suit brought against a partnership, it is not necessary to serve all the partners to support a judgment against the partnership.  
Shawell v. Pend Oreille Oil & Gas Co.
, 823 S.W.2d 336, 337 (Tex. App.—Texarkana 1991, writ denied); 
see
 Tex. Civ. Prac. & Rem. Code Ann. 
§§ 17.022,
(footnote: 5) 31.003
(footnote: 6) (Vernon 1997); 
Tex. R. Civ. P. 
28.
(footnote: 7)
 In support of his contention that he was a necessary party to the lawsuit between IKON and the partnership, Appellee cites three cases, all of which we find distinguishable.  The case of 
Connor v. Texas Bank & Trust Co.
 involved an appeal of a plea of privilege and dealt with liability under the Texas Negotiable Instruments Act.  259 S.W.2d 901, 902-05 (Tex. Civ. App.—Texarkana 1953, no writ).  These procedural differences make the case inapplicable to our analysis in the case before us.  

In 
Van Sickle v. Clark
, two individuals, Clark and Massey, were in a partnership as lessees.  510 S.W.2d 664, 666-67 (Tex. Civ. App.—Fort Worth 1974, no writ).  Clark sued the lessor for damages as a result of the lessor’s alleged breach of the lease agreement.  
Id.
  Clark sued solely in his individual capacity, without naming the partnership, and judgment was for Clark individually. 
 Id. 
at 668.  The appellate court held that because the lessor could be subject to a second lawsuit by Massey, he was a necessary and indispensable party to the action.  
Van Sickle
 is distinguishable from the case before us because the partnership was never a party to the lawsuit in 
Van Sickle
.

The final case relied upon by Appellee, 
Barraza v. Law Offices of Smith & Gopin
, is not on point because it did not involve partners or an alleged partnership agreement.  918 S.W.2d 608, 611 (Tex. App.—El Paso 1996, no writ).  

Accordingly, we disagree with Appellee’s contention that Rule 39 required him to be joined as a necessary party to the judgment between IKON as plaintiff and Wood Relo and Appellant as defendants.    

APPELLEE’S LIABILITY FOR THE IKON DEBT

If a partner reasonably incurs a liability in excess of the amount he agreed to contribute in properly conducting the business of the partnership or for preserving the partnership’s business or property, he is entitled to be repaid by the partnership for that excess amount.  
Tex. Rev. Civ. Stat. Ann.
 art. 6132b-4.01(c).  A partner may sue another partner for reimbursement if the partner has made such an excessive payment.  
Id.
 art. 6132b-4.06(b)(2)(A). 

With two exceptions not applicable to the facts of this case, all partners are liable jointly and severally for all debts and obligations of the partnership unless otherwise agreed by the claimant or provided by law.  
See id. 
art. 6132b-3.04.  Because Wood Relo was sued for a partnership debt made in the proper conduct of the partnership business, and Appellant settled this claim in the course of winding up the partnership, he could maintain an action against Appellee for reimbursement of Appellant’s disproportionate payment.  
See id. 
 
arts. 6132b-4.01(c), -4.06(b)(2)(A).

 
ATTORNEY’S FEES

Appellant sought to recover the attorney’s fees expended in defending the IKON claim, and attorney’s fees expended in the instant suit against Appellee.  Testimony established that it was necessary for Appellant to employ an attorney to defend the action brought against the partnership by IKON; therefore, the attorney’s fees related to defending the IKON lawsuit on behalf of Wood Relo are a partnership debt for which Appellee is jointly and severally liable.  As such, Appellant is entitled to recover from Appellee one-half of the attorney’s fees attributable to the IKON lawsuit.  The evidence established that reasonable and necessary attorney’s fees to defend the IKON lawsuit were $1725.
(footnote: 8)  Therefore, Appellant is entitled to recover from Appellee $862.50.

Appellant also seeks to recover the attorney’s fees expended pursuing the instant lawsuit.  
See
 
Tex. Civ. Prac. & Rem. Code Ann. 
§ 38.001(8) (authorizing recovery of attorney's fees in successful suit under an oral contract); 
see also Atterbury v. Brison
, 871 S.W.2d 824, 828 (Tex. App.—Texarkana 1994, writ denied) (holding attorney’s fees are recoverable by partner under section 38.001(e) because action against other partner was founded on partnership agreement, which was a contract).  We agree that Appellant is entitled to recover reasonable and necessary attorney’s fees incurred in bringing the instant lawsuit.  Because we are remanding this case so the trial court can determine the amount of pre- and post-judgment interest to be awarded to Appellant, we also remand to the trial court the issue of the amount of attorney’s fees due to Appellant in pursuing this lawsuit against Appellee for collection of the amount paid to IKON on behalf of the partnership.    

CONCLUSION
 

We hold the trial court erred in determining that Appellant did not have authority to act for Wood Relo in defending, settling, and paying the partnership debt owed by Wood Relo to IKON.  Appellee is jointly and severally liable to IKON for $9,000, which represents the amount Appellant paid IKON to defend and extinguish the partnership debt.
(footnote: 9)  We hold that Appellee is jointly and severally liable to Appellant for $1725, which represents the amount of attorney’s fees Appellant paid to defend against the IKON claim.  We further hold that Appellant is entitled to recover from Appellee reasonable and necessary attorney’s fees in pursuing the instant lawsuit.  We sustain Appellant’s first, third, fourth, fifth, seventh, and eighth issues.  Because of our disposition, it is unnecessary to address Appellant’s remaining issues.  
See
 
Tex. R. App. P. 47.1.
         

We reverse the judgment of the trial court.  We render judgment that Appellee owes Appellant $5362.50 (one-half of the partnership debt to IKON plus one-half of the corresponding attorney’s fees).  We remand the case to the trial court for calculation of the amount of attorney’s fees owed by Appellee to Appellant in the instant lawsuit, and calculation of pre- and post-judgment interest.

DIXON W. HOLMAN

JUSTICE

PANEL B: HOLMAN, GARDNER, and WALKER, JJ.

DELIVERED: August 21, 2003

FOOTNOTES
1:
It was noted at trial that 
the bank’s “Business Account Agreement” states in the section designated “Ownership of Account” that Wood Relo is a “Corporation - For Profit,” even though one of the possible boxes that could have been checked is “Partnership.”  Appellant testified that this was a mistake and that when the three partners signed the bank ownership card, they did not notice that the wrong box was checked; he stated that Wood Relo is definitely not a corporation.

2:
See
 
Tex. Rev. Civ. Stat. Ann. 
art. 6132b-1.01(12) (Vernon Supp. 2003) (“‘Partnership agreement’ means any agreement, written or oral, of the partners concerning a partnership.”); 
id.
 
art. 6132b-2.02(a) (“[A]n association of two or more persons to carry on a business for profit as owners creates a partnership, whether the persons intend to create a partnership and whether the association is called a ‘partnership,’ ‘joint venture,’ or other name.”). 

3:
Appellant has subsequently paid the agreed settlement in full, and IKON has released its judgment.

4:
Tex. R. Civ. P. 
39(a) (“A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.”)

5:
“Citation served on one member of a partnership authorizes a judgment against the partnership and the partner actually served.”

6:
“If a suit is against several partners who are jointly indebted under a contract and citation has been served on at least one but not all of the partners, the court may render judgment against the partnership and against the partners who were actually served, but may not award a personal judgment or execution against any partner who was not served.”  

7:
Any partnership may be sued in its partnership name for the purpose of enforcing against it a substantive right.

8:
Appellant’s attorney testified that Appellant paid $2700 in attorney’s fees to defend and settle the IKON suit.  However, the itemization and invoices introduced into evidence by Appellant clearly indicate that $975 of the $2700 is attributable to the preparation and filing of the instant suit against Appellee. Accordingly, that amount is not included in the attorney’s fees that directly relate to defending the IKON suit.

9:
The claims against Bannister filed by Appellant, Appellee, Wood Relo, and Appellant’s attorney have been discharged in bankruptcy.