**In the Matter of the ESTATE OF
Maria Enriqueta HERNANDEZ,
Deceased.**

**No. 08–02–00070–CV.**

Court of Appeals of Texas,
El Paso.

July 31, 2003.

Rehearing Overruled Aug. 27, 2003.

---

James Darrell Lucas, El Paso, for appellant.

Marshall I. Yaker, El Paso, for appellees.

Before Panel No. 4 BARAJAS, C.J., LARSEN, and McCLURE, JJ.

## OPINION

SUSAN LARSEN, Justice.

This is a probate case. Guadalupe Bain appeals the probate court's order setting aside the sale of real property from the estate to Bain's son, Ronald Bain.[1] We affirm.

### Facts

On January 15, 1998, Guadalupe Bain filed an application with the statutory probate court of El Paso County, Texas, to probate the will of her sister, Maria Enriqueta Hernandez. The will was admitted to probate and letters testamentary issued to Bain as independent executor. The will devised decedent's estate in equal shares to her seven brothers and sisters: Socorro Arroyo, Guadalupe Bain, Esperanza McCulley, Jesus Hernandez, Manuel Her-

---

1. Bain does not appeal that portion of the order removing her as executor of the estate based upon her misapplication of estate property, gross misconduct, and gross mismanagement.

nandez, Ramiro Hernandez, and Eva Diaz.[2] The will contained a power of sale clause which provided, "I hereby authorize and empower my Executor to sell all or any part of the property of my estate at public or private sale, with or without notice and with or without the necessity of obtaining any order of court authorizing or confirming any such sale."

On February 23, 2000, Ramiro Hernandez filed a motion to compel Bain to file a corrected inventory, appraisement, and list of claims. The petition alleged that an accounting filed on January 19, 2000, was incomplete and contained errors, understated the value of real property, contained no information on bank accounts or life insurance proceeds, listed an erroneous debt due from Ramiro Hernandez, did not disclose income from the rental of estate property, and that the accounting was not provided to petitioner prior to seeking court approval. Bain filed an amended accounting which was approved by the probate court on June 2, 2000.

On November 30, 2000, Ramiro Hernandez, Esperanza McCulley, Manuel Hernandez, Eva Diaz, and Jesus Hernandez (petitioners) filed an application to remove Bain as independent executor of the estate, asserting that Bain had mismanaged the estate, commingled estate assets with her personal assets, permitted her son to use estate property free of charge, failed to maintain a separate estate account, and been guilty of gross mismanagement and misconduct in the performance of her duties. Bain was personally served with the petition to remove her as executor.

On January 30, 2001, petitioners filed a petition for injunctive relief to restrain sale of the estate's only real property, located at 214 S. Ascarate, El Paso.[3] The petition alleged that the sale would constitute a fraud on the estate, would contravene the pending motions to compel an accounting and to remove Bain as executor, that the intended sale to the executor's son, Ronald Bain, was at a price far below market value, and was intended to be funded by claims against the estate by Ronald Bain that had not been approved by the court. On January 30, 2001, the probate court entered a temporary restraining order enjoining the sale of the property. Guadalupe Bain filed a motion to dissolve the TRO, claiming that a prima facie case of fraud had not been set out, that petitioners had waited too late to seek a restraining order, and that the bond set was inadequate to protect Bain and the purchaser.

The next day, January 31, 2001, the probate court convened a hearing on removing appellant as executor, compelling an annual accounting, compelling appellant to file a corrected inventory, appraisement, and list of claims, and enjoining Bain from selling the Ascarate property to Ronald Bain. Guadalupe Bain and her attorney, James Lucas, were present throughout. At the close of the day's hearing, but before the parties had finished their evidence, the probate judge admonished the parties: "[t]hat [Ascarate] property is not to be sold by anyone until we have an appraisal by an independent appraiser." The judge also stated he would appoint the appraiser.

The evidence adduced at hearing revealed that rental income from the Ascarate property was never separated from

---

2. Manuel Hernandez died during the litigation, prior to the court hearings, but was originally one of the petitioners. Socorro Arroyo has not taken part in this litigation.

3. According to the Amended Inventory and Appraisement filed by Guadalupe Bain in May 2000, the Ascarate property constituted approximately half the estate's total value ($62,000 of $126,943).

the accounts of Guadalupe and Ronald Bain. The estate's house and land were rented out for around $300 a month, which was generally collected and kept by Ronald Bain. Guadalupe Bain's explanation for this was they used the funds to pay the water bill and maintain the yard. She failed to produce any receipts for rent, or substantiating utility payment or yard maintenance. At the time of the hearing, Ronald Bain had lived in another house on the property, rent-free, since March of 1998. Guadalupe Bain testified she had spent approximately $35,000 on repairs and improvements to the house, including new floors, plumbing, and walls. She paid expenses from estate money until it ran out, then she paid with her own funds. The May 10 contract for sale of the house was for $50,000, with $10,947.53 to be funded with a claim by Ronald Bain against the estate, $11,434.59 coming from a claim by Guadalupe Bain against the estate, and $2,773.95 from a 5 percent commission she intended to take on the sale. The property was never listed with a real estate agent. Moreover, the claims against the estate intended to fund the sale had not been approved by the probate court.

Despite the trial court's specific order that the property was not to be sold, Bain conveyed the Ascarate property to her son on May 10, 2001, assisted by the same attorney who has represented her throughout this proceeding, and funded as set out above.

The original hearing was supposed to resume on February 1, but for reasons not disclosed in this record did not reconvene until October 12, 2001. At the close of all evidence, the probate court found that Guadalupe Bain had been guilty of gross mismanagement and had misapplied property that had been committed to her care. It therefore removed her as independent executor. The court also set aside the purported sale to Ronald Bain and ordered appellant and Ronald Bain to effectuate all documents necessary to set aside the sale.

## The probate court had jurisdiction to set aside the sale, Bain's due process rights were not violated by that decision, and the order setting aside the sale was not void for lack of notice

■ Guadalupe Bain's first argument on appeal is that the probate court did not have subject matter jurisdiction to, on its own motion, set aside the sale of the residence. In her second and third arguments on appeal, she makes related claims that the lack of notice of the court's intention to set aside the sale violated her due process rights and renders that portion of the court's order void. We will address these points together.

Bain's arguments, as we understand them, are based upon the lack of a specific pleading urging the court to set aside the sale after it had taken place in May 2001. In our reading, however, TEX. PROB.CODE ANN. § 352, upon which the probate court based its order, does not require such a specific request. That statute prohibits a personal representative of an estate from (except in very limited enumerated circumstances not applicable here) becoming the purchaser, directly or indirectly, of estate property, and:

> If a purchase is made in violation of this section, any person interested in the estate *may file a written complaint* with the court in which the proceedings are pending, and upon service of citation upon the representative, after hearing and proof, such sale shall be by the court declared void, and shall be set aside by the court and the property ordered to be reconveyed to the estate.

TEX. PROB.CODE ANN. § 352(e) (Vernon 2003) (emphasis added).

There is nothing in the statute that requires this "complaint" to take any specific form, so long as it is filed in the appropriate court and a hearing is held with adequate proof before a sale is set aside. Here, we think the original petition for injunctive relief served upon Bain with her response, and the hearings held both before and after the sale, constituted ample procedural compliance with section 352. Moreover, the proof adduced at hearing certainly justified the probate court in concluding that the sale was an indirect purchase by Bain, through her son. That proof included evidence that the sale took place while a motion to remove Bain as executor was pending, that it proceeded during a hiatus in a hearing on the issue of enjoining the sale, that it took place in defiance of the probate court's unambiguous verbal order prohibiting it, that the purported purchaser did not actually pay anything for the property, and that the terms of sale (the low purchase price funded by unapproved claims against the estate) were highly suspicious.

■ As to Bain's due process claim, she has no due process interest in property that does not belong to her. *See Stratton v. Austin I.S.D.,* 8 S.W.3d 26, 29 (Tex. App.-Austin 1999, no pet.) (absent life, liberty or property interest, no right to due process exists, and property interest include actual ownership of real estate, chattels, and money). That Bain even attempts a due process claim can only shoal up the conclusion that she was the indirect purchaser of the property. That her son has not protested the voiding of the sale is further argument supporting petitioner's position that the executor was in fact purchasing the property for her own benefit.

This all clearly authorized voiding the sale and ordering reconveyance of the As-

carate property to the estate. The court possessed subject matter jurisdiction, no due process rights were violated, and Guadalupe Bain had proper notice and opportunity to be heard before the sale was set aside. Her first, second, and third arguments are overruled.

## There was no failure to join necessary parties such that the order setting aside the property transfer was rendered void

■ In her fourth argument on appeal, Guadalupe Bain urges that Ronald Bain was a necessary party to the order setting aside the sale of the property; similarly, in her fifth argument, she urges that she was a necessary party, and that failure to join them renders the order void.

The Texas Rules of Civil Procedure provide that a party shall be joined as a party to an action if, without the joinder of that person complete relief cannot be accorded amongst those already parties, or where that person claims an interest such that disposition of the action in his or her absence may impair the ability to protect that interest or leave any party subject to multiple or inconsistent obligations. TEX.R. CIV. P. 39(a); *see Barraza v. Law Offices of Smith & Gopin,* 918 S.W.2d 608, 611 (Tex.App.-El Paso 1996, no writ). Nevertheless, our Supreme Court has admonished that under this rule, "it would be rare indeed if there were a person whose presence was so indispensable in the sense that his absence deprives the court of jurisdiction to adjudicate between the parties already joined." *Pirtle v. Gregory,* 629 S.W.2d 919, 920 (Tex.1982); *Motor Vehicle Board of Texas Dep't of Transp. v. El Paso Indep. Auto. Dealers,* 37 S.W.3d 538, 540 (Tex.App.-El Paso 2001, pet. denied).

With regard to her complaint that she was not joined as a necessary party, we do not see any basis for this argument. Gua-

dalupe Bain was a party to this action on several counts: she was executor of the estate, she had been served with notice of an action to remove her from serving in that capacity, and she had been served with a TRO prohibiting her from selling the Ascarate property. She was present and testified at the hearing on these issues, at which she was represented by counsel. Her fifth argument on appeal is overruled.

■ With regard to the failure to join Ronald Bain as a party, we do not think his absence from the formal pleadings here creates a situation depriving the probate court of jurisdiction. First, we note that a lis pendens was filed by petitioners before the purported sale took place, putting all potential purchasers on notice of litigation involving the property, including the petitioners' intent to remove Ronald Bain's mother as executor. Thus, Bain was charged with the knowledge that his mother's authority to sell the property was under challenge. *See Wall v. Wall,* 143 Tex. 418, 186 S.W.2d 57, 59 (1945) (purchasers who bought with knowledge that sale was in violation of section 352's predecessor statute could not complain that equities resulted from voiding of sale). Guadalupe Bain proceeded with the sale despite the court's direct order that she not do so. Moreover, the court justifiably determined that this was not a bona fide purchase for value, but rather a sale resulting from the executor's mismanagement and self-dealing. TEX. PROB.CODE ANN. § 352 clearly gives the probate court authority to set aside a sale under these circumstances, and it contains no requirement that the purported purchaser in an indirect sale be joined as a party. Thus, we can find no error in setting aside the sale without the formal joinder of Ronald Bain as a party. Bain's fourth argument on appeal is overruled.

**The probate court did not rely upon an unrecognized cause of action in setting aside the sale of the Ascarate property**

■ In her sixth argument, Bain states that the probate court relied upon an unrecognized cause of action in setting aside the sale of the Ascarate property. She urges that the court's statement that the transfer of property from the estate to the executor's son created an appearance of fraud is not a valid ground for setting aside a conveyance. Perhaps this statement in isolation is true, but there was much more in the findings of the court to support that setting aside of the sale. We find that other findings of the trial court, supported by evidence, justified the court's action. These include findings that Bain co-mingled estate assets with her own accounts and those of her son, Ronald Bain; that she was guilty of gross misconduct and mismanagement in her duties as executor; that she engaged in self-dealing concerning sale of the Ascarate property; that she permitted estate property to be used by Ronald Bain without remuneration, creating a conflict of interest; that Ronald Bain paid no taxes, rent, insurances, utilities, or maintenance during his occupancy of the property; that Guadalupe Bain's appraisal valued the Ascarate property at $70,000 in January 2000, it was independently appraised at $62,000 in July 2000, that the purported sale to Ronald Bain was for only $50,000, and Bain had never listed the property with a realtor.

Although not contained in the formal findings of the probate court, we think several other facts are worth noting: on January 30, 2001, beneficiaries of the estate filed a petition for a restraining order and injunction against the sale of the property in question of which the executor had notice and to which she responded. The court granted the TRO and, at the end of

an adversarial hearing the following day, admonished all parties that no sale was to take place before an appraisal by someone appointed by the court. Further, petitioners filed a notice of lis pendens on the Ascarate property before the purported sale.

We think that the probate court was thoroughly justified in finding that, in defiance of (at least) the spirit of these proceedings, the executor took advantage of the technical lapse of the TRO to proceed with the sale. Moreover, we think the court could correctly find that the sale to Ronald Bain was, in fact, an indirect sale to the executor herself, based upon the low sales price and use of her claim against the estate as well as an unauthorized commission to fund the purchase. Thus, the court below was authorized under Tex. Prob. Code Ann. § 352(e) to set aside the sale and order the property reconveyed to the estate. Bain's sixth argument on appeal is overruled.

### The probate court's order setting aside the sale of the Ascarate property was supported by pleadings, evidence, and statute

In her seventh argument on appeal, Bain contends that there were no pleadings or evidence authorizing the setting aside of the sale of the Ascarate property. For the reasons we have discussed in considering her earlier arguments, this contention is without merit. Her seventh argument is overruled.

### Tex. Civ. Prac. & Rem.Code Ann. § 17.002 is not applicable to this case

In her eighth and final argument, Bain urges that the probate court committed fundamental error in ignoring the requirements of Tex. Civ. Prac. & Rem.Code Ann. § 17.002 (Vernon 1997), which states:

In a suit against the estate of a decedent involving the title to real property, the executor or administrator, if any, and the heirs must be made parties defendant.

This statute's purpose is to insure that all persons with interests in the title and ownership of property are aware of actions against that property. *See Lowman v. Falsetti*, 335 F.2d 632, 638 (5th Cir.1964), *cert. denied*, 379 U.S. 966, 85 S.Ct. 659, 13 L.Ed.2d 560 (1965). It applies generally to suits against an estate, rather than a dispute about mismanagement and self-dealing by an executor. We do not think, therefore, that its provisions are applicable, and even if they were, the executor and the heirs (with the exception of one sister) were parties to the proceedings.

Moreover, as this issue was not raised below, appellant must show fundamental error to prevail on this point. Fundamental error is extremely limited in the civil context, generally applying only to jurisdictional matters and matters of public policy of constitutional dimension. This is not the situation here. Bain's eighth argument on appeal is overruled.

### Conclusion

For the foregoing reasons, we affirm the order of the probate court setting aside the sale of the estate property.