**GEORGE THOMAS HOMES, INC., Appellant,**

v.

**SOUTHWEST TENSION SYSTEMS, INC., Stephen H. Scott, and Henry Ng, Appellees.**

No. 08–88–00087–CV.

Court of Appeals of Texas, El Paso.

Oct. 12, 1988.

Larry Baskind, Brenda J. Norton, Diamond, Rash, Leslie & Smith, El Paso, for appellant.

Texas S. Ward, El Paso, for appellees.

Before OSBORN, C.J., and
SCHULTE and WOODARD, JJ.

## OPINION

WOODARD, Justice.

This is an appeal from a bench trial judgment awarding Plaintiff Southwest $8,590.54, plus interest and attorney's fees, Plaintiff Scott $8,800.00 actual damages, $7,500.00 exemplary damages, plus interest and attorney's fees, and Plaintiff Ng $3,400.00 actual damages, $7,500.00 exemplary damages, plus interest and attorney's fees. We affirm except as to the award of attorney's fees.

The Defendant contracted Plaintiff Southwest to design plans for post-tension cement foundations on houses to be built. Southwest was also to install the cables, inspect them and place stress on those cable tendons after the concrete was laid. In post-tensioning, the cables are leveled across the foundation site. The concrete is then poured and hardened around them. The concrete foundation is then compressed by the tightening device on the ends of each cable. The purpose is to provide tensile strength and resist any lengthwise stress caused by the building of the structure.

Before Defendant could construct a new home in El Paso, he had to obtain a city building permit. If the house was to be built a post-tension foundation, the permit application had to contain the plans therefor bearing an engineer's seal. The Defendant was a volume builder of houses. The oral agreement was that Plaintiff Southwest would draw foundation plans for each particular model of house. The Defendant was to keep the plans in its office and would make copies of a particular plan if it was to use a post-tension foundation on that house model. If the Defendant used Southwest's plans, it was to use its services in the construction of the foundation. In 1983, it was discovered that the Defendant had used the plans to obtain building permits on approximately sixty

houses· and had not engaged Southwest's services in the construction. Southwest sued for breach of contract, conversion of their plans, and Plaintiffs Scott and Ng brought suit for conversion of their professional engineer's seals.

In that several of the points of error concern legal and factual insufficiency assertions, we set forth here the standards of review we apply to such points to avoid repetition under each of them. In considering a "no evidence" legal insufficiency point, we consider only the evidence which tends to support the court's findings and disregard all evidence and inferences to the contrary. A "no evidence" point must be sustained if there is complete absence of or no more than a scintilla of evidence which supports the court's findings. *McKnight v. Hill & Hill Exterminators, Inc.*, 689 S.W.2d 206 (Tex.1985). A factual insufficiency point requires us to examine all of the evidence in determining whether the finding in question is so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). The reviewing court cannot substitute its conclusions for those of the judge. If there is sufficient competent evidence of probative force to support the finding, it must be sustained. *Carrasco v. Goatcher*, 623 S.W.2d 769 (Tex.App.—El Paso 1981, no writ). It is not within the province of the court to interfere with the trial judge's resolution of conflicts in the evidence or to pass on the weight or credibility of the witness's testimony. *Benoit v. Wilson*, 150 Tex. 273, 239 S.W.2d 792 (1951). Where there is conflicting evidence, the trial judge's finding on such matters is generally regarded as conclusive. *Montgomery Ward & Co. v. Scharrenbeck*, 146 Tex. 153, 204 S.W.2d 508 (1947).

██ Point of Error No. One claims there is insufficient or no evidence to support the award of damages to Plaintiffs Scott and Ng. The judgment recited that the court *was of the opinion* that the two Plaintiffs were entitled to $8,800.00 and $3,400.00, respectively, "as actual damages for the fraudulent and illegal use of the said Plain-

tiff's Professional Engineer's seal and *for the prospect of his individual liability* under the Texas Engineering Practice Act and Section 16.008 Civil Practice and Remedies Code". In subsequent paragraphs, the judgment states: *"IT IS FURTHER ORDERED, ADJUDGED AND DECREED"* that the respective Plaintiffs recover those sums *"as actual damages* for the fraudulent and illegal use of the said Plaintiff's Professional Engineer's seal". [Emphasis added]. The Defendant contends that the prospect of individual liability is too speculative. We need not reach that decision. The trial court's opinion is merely a preamble recital, and not controlling. *Cox v. City & County of Dallas Levee Improvement, Dist.*, 258 S.W.2d 851 (Tex.Civ.App.—Dallas 1953, writ ref'd n.r.e.); 4 R. McDonald, sec. 17.09.3 at 84 (rev. 1984). The decretal portion of the judgment expressly adjudicated the sums "as actual damages", and it is that phrase that dominates. There was testimony that $200.00 was a reasonable charge for the drawing of a foundation plan by an engineer. According to record, forty-four plans bearing Scott's engineering seal, and seventeen bearing Ng's, were filed without their permission with the City of El Paso. 200 × 44 = 8,800, and 200 × 17 = 3,400, the exact dollar amounts of damages awarded. The trial court's finding of facts discloses a reiterate of this basis. There is no allowance for prospective damages expressed, although the court did recognize the possibility of future liability in an unrelated paragraph and finding. The trial court's finding of facts and conclusions of law should be construed together with the judgment and in support thereof. *Gulf Liquid Fertilizer Co. v. Titus*, 163 Tex. 260, 354 S.W.2d 378 (1962). Point of Error No. One is overruled.

██ Points of Error Nos. Two, Three, Four and Seven attack the trial court's finding of conversion and damages flowing therefrom. A building permit from the City of El Paso is a prerequisite to constructing a new home. If the foundation is to be of a post-tension design, the submitted plans must bear the seal of an engineer. The Texas Engineering Practice Act

(Tex.Rev.Civ.Stat.Ann. art. 3271a, sec. 15) (Vernon 1968), designates the seal to be the personal insignia of a registered engineer who has satisfied the State requirements for licensing. The evidence disclosed the Defendant used Southwest plans that displayed the seals of Scott and Ng, without their permission, to obtain building permits and approval of prospective VA and FHA financing. "Conversion" is the wrongful exercise of dominion and control over another's property in denial of, or inconsistent with, his rights. Exemplary damages are available if the unlawful act warranting actual damages was of a wanton or malicious nature. Implied or legal malice exists when wrongful conduct is intentional and without just cause or excuse. *Courtesy Pontiac, Inc. v. Ragsdale*, 532 S.W.2d 118 (Tex.Civ.App.—Tyler 1975, writ ref'd n.r.e.). The Defendant's agent in charge testified contrary to the Plaintiffs. He testified the plans were the property of the Defendant, but their use for a house contractually compelled the services of the Plaintiffs in the constructing and testing of the foundation of that house. He further stated the plans were used by oversight and clerical error. He testified another company was paid for Southwest's services, so there was no ill-gotten gain on the part of the Defendant. There was evidence of similar misuse of plans having transpired in previous business dealings between the parties. Intent can be inferred from all the surrounding facts and circumstances. There is sufficient evidence to support the trial court's judgment for damages from an intentional conversion of property, except for the matter of attorney's fees. Attorney's fees are not recoverable as actual or exemplary damages in a conversion action. *Jay Fikes and Associates v. Walton*, 578 S.W.2d 885 (Tex.Civ. App.—Amarillo 1979, writ ref'd n.r.e.). Therefore, there can be no award of attorney's fees for Scott and Ng. Southwest's award of attorney's fees survives under Tex.Civ.Prac. & Rem.Code art. 38.001 (Vernon 1986) in the judgment for breach of contract. In all other matters, Points of Error Nos. Two, Three, Four and Seven are overruled.

Point of Error No. Six attacks the trial court's findings of a bailment contract and damages thereunder. There is sufficient testimony recited ante, to support the finding of contract. Testimony to Southwest's profit of nine cents per square foot supports the actual damage award. No exemplary damages were awarded to Southwest. Point of Error No. Six is overruled.

■ Points of Error Nos. Eight and Nine claim double recovery in that Scott and Ng were employees of Southwest, and the plans, including the attached seals, belonged to Southwest. The assertion is that Scott and Ng have no standing to bring suit for the conversion of property that they have no proprietary interest in. The argument might have merit if the plans that were certified with the seal had universal application to all building sites. However, the seal not only warrants that the foundation plan is compatible to the structure, but that it is suitable to the differing underlying soil types on each particular building site. There was further testimony that an engineer is required to follow through with post construction cable tension tightening and inspection on any work he certifies. Hence, the conversion included seal certification of matters that went beyond the conversion of the plans owned by Southwest and became separate conversion actions of Scott and Ng. The breach of contract recovery by Southwest would not preclude any conversion recovery by Scott and Ng because the elements of the two causes of action differ entirely. Southwest's breach of contract recovery is based upon loss of profits. There was no contractual requirement of any particular certifying engineer. Scott and Ng's recovery is based upon conversion of their personal seals, which cannot be sold or transferred, and which carry with them the representation of personal accountability independent of any employment contract with their employer. Points of Error Nos. Eight and Nine are overruled.

■ Point of Error No. Five alleges that prejudgment interest was improperly calculated. It was calculated from the date the Defendant filed the plans and application

for building permits with the city. It is argued that in the past the Plaintiffs were not paid for their work until it was completed. By the Defendant filing the plans without intentions to pay or use the services of Southwest, it was the proper time to assess the value to the Plaintiff Southwest of the contract which was then repudiated in advance of the time for full performance. *Pollack v. Pollack,* 39 S.W.2d 853 (Tex.Comm'n App., 1931, holding approved), *rehearing denied,* 46 S.W.2d 292 (Tex.Comm'n App.1932). It further was the time of the damages for conversion. The damages were ascertainable based on the testimony of the Plaintiffs to nine cents per square foot profit loss under the contract, and the $200.00 value of each plan. *Neely v. Jacobs,* 673 S.W.2d 705 (Tex.App. —Fort Worth 1984, no writ). Point of Error No. Five is overruled.

Judgment of the trial court as reformed as to the award of attorney's fees to Scott and Ng is affirmed.