November 23, 2004

Ms. Dale Beebe Farrow                                    Opinion No. GA-0274
Executive Director
Texas Board of Professional Engineers                    Re: Validity of engineering documents prepared
1917 IH-35 South                                         and sealed by a licensed engineer who is employed
Austin, Texas 78741                                      by an unregistered firm   (RQ-0235-GA)

Dear Ms. Farrow:

At the request of the Texas Board of Professional Engineers (the "Board"), the former executive director asked about the validity of engineering documents prepared and sealed by a licensed engineer who is employed by an unregistered firm.[1] You also ask whether, assuming that the documents are invalid, the documents may be validated if the firm registers with the Board within 30 days of receiving a notice from the Board. *See* Request Letter, *supra* note 1, at 2.

Chapter 1001 of the Occupations Code, the Texas Engineering Practice Act (the "Act"), *see* TEX. OCC. CODE ANN. § 1001.001 (Vernon 2004) ("Short Title"), governs the practice of engineering in Texas. For purposes of chapter 1001, the phrase "practice of engineering" is defined to mean public or private service or creative work requiring special knowledge of the mathematical, physical, or engineering sciences. *See id.* § 1001.003(b); *see also id.* § 1001.003(c) (listing tasks included within the practice of engineering). The Board may "adopt and enforce any rule . . . necessary to . . . regulate the practice of engineering," *see id.* § 1001.202; 29 Tex. Reg. 1568-1613 (2004), *adopted* 29 Tex. Reg. 4868-84 (2004) (codified at 22 TEX. ADMIN. CODE pt. 6), and may establish standards of conduct and ethics, consistent with chapter 1001, for persons licensed to practice engineering, or "engineers." *See* TEX. OCC. CODE ANN. § 1001.207 (Vernon 2004); *see also id.* 1001.002(2) (defining the term "engineer").

With certain exemptions that you do not suggest are relevant here, *see id.* ch. 1001, subch. B, only individuals licensed under chapter 1001 may practice engineering in the State of Texas. *Id.* § 1001.301(a). Each licensed engineer holds a Board-designed seal showing the licensee's "name and the legend 'Licensed Professional Engineer' or 'Registered Professional Engineer.'" *Id.* § 1001.401(a); *see* 29 Tex. Reg. 1603-04 (2004), *adopted* 29 Tex. Reg. 4881 (2004) (codified

---

[1]*See* Letter from Victoria J.L. Hsu, P.E., Executive Director, Texas Board of Professional Engineers, to Honorable Greg Abbott, Texas Attorney General (June 2, 2004) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

at 22 TEX. ADMIN. CODE § 137.31(b), (d)). Section 1001.401 requires an engineer to seal, as well as sign, each "plan, specification, plat, or report" that the engineer issues. TEX. OCC. CODE ANN. § 1001.401(b) (Vernon 2004); *see* 29 Tex. Reg. 1604 (2004), *adopted* 29 Tex. Reg. 4881 (2004) (codified at 22 TEX. ADMIN. CODE § 137.33(f)). "The purpose of the engineer's seal is to assure the user of the engineering product that the work has been performed or directly supervised by the professional engineer named and to delineate the scope of the engineer's work." 29 Tex. Reg. 1604 (2004), *adopted* 29 Tex. Reg. 4881 (2004) (codified at 22 TEX. ADMIN. CODE § 137.33(a)). Upon sealing an engineering document, the engineer "take[s] full professional responsibility for that work." *Id.* (codified at 22 TEX. ADMIN. CODE § 137.33(b)). An official of the state or a political subdivision "who is responsible for enforcing laws that affect the practice of engineering" may accept an engineering document only if it is sealed. TEX. OCC. CODE ANN. § 1001.402 (Vernon 2004). In addition, the state and its political subdivisions may not construct a public work "involving engineering in which the public health, welfare, or safety" is implicated unless an engineer has prepared—and presumably signed and sealed in accordance with section 1001.401—the engineering plans, specifications, and estimates. *Id.* § 1001.407(1); *see also id.* § 1001.401(b) (requiring that an engineering document issued by an engineer bear the engineer's seal).

In addition to the licensure of individual engineers, chapter 1001 requires business entities that engage in the practice of engineering to register with the Board. Under section 1001.405(b), a business entity, which includes sole proprietorships, firms, partnerships, corporations, and joint stock associations, may not engage in the practice of engineering unless:

> (1) the business entity is registered with the board; and

> (2) the practice is carried on only by engineers.

*Id.* § 1001.405(b); *see also id.* § 1001.405(a) (defining the term "business entity"). To register, a business entity annually must complete an application listing, among other things, "the name and address of each officer or director . . . and each engineer who engages in the practice of engineering on behalf of the business entity." *Id.* § 1001.405(c). *See generally* 29 Tex. Reg. 1597-98 (2004), *adopted* 29 Tex. Reg. 4878 (2004) (codified at 22 TEX. ADMIN. CODE §§ 135.1, .3, .5). An unregistered business entity "may not represent to the public that it is engaged in the practice of engineering . . . or use or cause to be used" terms such as "engineer," "licensed professional engineer," or "registered professional engineer." TEX. OCC. CODE ANN. § 1001.405(e) (Vernon 2004); *see also* 29 Tex. Reg. 1607 (2004), *adopted* 29 Tex. Reg. 4882 (2004) (codified at 22 TEX. ADMIN. CODE § 137.71). Despite the registration requirements, the Board may adopt a rule permitting an unregistered business entity "that is engaged in the practice of engineering in violation of" section 1001.405(b) to avoid disciplinary action if the business entity registers within 30 days after the Board notifies it, in writing, of the registration requirement. TEX. OCC. CODE ANN. § 1001.405(g) (Vernon 2004). Under Board rules, "a business entity that offers or is engaged in the practice of engineering in Texas and is found to not be registered with the [B]oard shall register . . . within 30 days of written notice from the [B]oard." 29 Tex. Reg. 4882 (codified at 22 TEX. ADMIN. CODE § 137.77(d)). Failure to register within 30 days is considered a violation of chapter 1001 and Board rules, and violators "will be subject to administrative penalties." *Id.* (codified at 22 TEX. ADMIN. CODE § 137.77(e)).

A person who violates the Act or Board rules adopted under the Act may be subject to Board discipline and administrative penalties, up to $3,000 per violation per day. *See* TEX. OCC. CODE ANN. §§ 1001.452(1), .501-.502 (Vernon 2004); *see also* 29 Tex. Reg. 4882 (2004) (codified at 22 TEX. ADMIN. CODE 137.77(e)) (stating that an unregistered business entity "will be subject to administrative penalties"). The Board may order an engineer to pay restitution to an injured consumer. *See* TEX. OCC. CODE ANN. § 1001.4526(a) (Vernon 2004). The Board may sue to enjoin violations of chapter 1001 or Board rules, *see id.* § 1001.551(a), and a violation of chapter 1001 may constitute a criminal offense, *see id.* § 1001.552.

The request letter indicates that, in some cases, "a licensed professional engineer employed by the [unregistered business entity] has prepared either plans, specifications[,] or other related construction documents and affixed the engineer seal to the project documents." Request Letter, *supra* note 1, at 2. "[T]he Board is uncertain as to the status of the engineering documents" prepared and sealed by a licensed engineer employed by an unregistered firm. *Id.* The request therefore expressly asks whether these documents are "valid," although the request letter stipulates that the engineer's "licensure and competency . . . is not in question." *Id.* We are told that the issue has implications in the building permitting process, as well as in the insurance and liability contexts.[2] You have not submitted any sample building permit ordinances or insurance contracts, nor described any possible litigation, that would illustrate the importance of the engineering documents with respect to your question.

We assume that preparing plans, specifications, and related construction documents constitutes the practice of engineering for purposes of the Act. The Act expressly defines the practice of engineering to include the "design . . . of engineering works or systems," the "development . . . of plans and specifications for engineering works or systems," and "engineering for construction . . . of real property." *See* TEX. OCC. CODE ANN. § 1001.003(c) (Vernon 2004). Whether performing this task, or any particular task, constitutes the practice of engineering is a fact question that cannot be determined in the opinion process. *See* Tex. Att'y Gen. Op. No. GA-0156 (2004) at 10 (stating that fact questions cannot be answered in the opinion process); *see also* Tex. Att'y Gen. Op. No. JC-0020 (1999) at 2 (stating that determining whether a "site evaluator" engages in the practice of engineering would require the resolution of fact questions).

Neither the statutes nor the Board's rules expressly address the "validity" of sealed engineering documents. *See generally* TEX. OCC. CODE ANN. ch. 1001 (Vernon 2004); 29 Tex. Reg. 1607 (2004), *adopted* 29 Tex. Reg. 4882 (2004) (codified at 22 TEX. ADMIN. CODE § 137.71); 29 Tex. Reg. 4882 (codified at 22 TEX. ADMIN. CODE § 137.77). The Board has no authority to declare engineering documents invalid in any circumstances, and the Board's rulemaking authority does not encompass the adoption of rules declaring documents invalid. *See* TEX. OCC. CODE ANN. §§ 1001.201-.207 (Vernon 2004) (delineating the Board's rulemaking authority); *see also R.R. Comm'n v. Lone Star Gas Co.*, 844 S.W.2d 679, 685 (Tex. 1992) (quoting *State Bd. of Ins. v. Deffebach*, 631 S.W.2d 794, 798 (Tex. App.–Austin 1982, writ ref'd n.r.e.)) (stating that an agency

---

[2]*See* Telephone Conversation with Paul D. Cook, Assistant Executive Director, Texas Board of Professional Engineers (Sept. 14, 2004).

may adopt "'only such rules as are authorized by and consistent with its statutory authority'"). In addition, the Act does not impose a penalty for issuing an engineering document in this circumstance (except to the extent that the unregistered business entity may have been engaged in the unlawful practice of engineering).

Moreover, an engineer's seal warrants that the construction plans are sound, given the particular building site. *See George Thomas Homes, Inc. v. S.W. Tension Sys., Inc.*, 763 S.W.2d 797, 800 (Tex. App.–El Paso 1988, no writ). Seals "carry with them the [engineer's] representation of personal accountability independent of any employment contract with [his or her] employer." *Id.* The Act plainly authorizes public officials of the state or a political subdivision to accept a sealed plan, without requiring that the firm that employs the engineer be properly registered, and section 1001.407 authorizes the state or a political subdivision to construct a public work involving engineering if the engineering documents bear the requisite seal, without requiring that the employing firm be registered. *See* TEX. OCC. CODE ANN. §§ 1001.402, .407 (Vernon 2004); *see also id.* § 1001.401(b) (requiring that an engineering document issued by an engineer bear the engineer's seal).

For all of these reasons, we conclude that the employing firm's registration status is irrelevant to the validity of engineering documents properly sealed by an engineer for the purposes of the Act. Properly sealed documents issued by an engineer employed by an unregistered firm are not invalid under the Act. A particular contract or building permitting regulations may require an engineering document to be issued by a registered firm, as well as to bear a licensed engineer's signature and seal, and our conclusion does not affect those requirements. Having concluded that the engineering documents are not invalid under the Act, we do not address your second question, which assumes that the documents are invalid. *See* Request Letter, *supra* note 1, at 2.

## S U M M A R Y

An engineering document issued by an engineer and properly sealed is not invalid under the Texas Engineering Practice Act, Occupations Code chapter 1001, regardless of the registration status of the firm employing the engineer.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee