ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

June 20, 2006

The Honorable Jeff Wentworth
Chair, Committee on Jurisprudence
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0439

Re: Whether a city building official may rely on a professional engineer's seal and certification that a plat or plan complies with the city's building codes (RQ-0426-GA)

Dear Senator Wentworth:

You request our opinion on "whether a city building official may rely on a professional engineer's seal and certification that all code provisions, specifically the International Residential Code ("IRC") . . . as adopted by the city, have been met."[1] The IRC, as amended by a municipality, is "adopted as a municipal residential building code" in Texas. *See* TEX. LOC. GOV'T CODE ANN. § 214.212(a)–(c) (Vernon Supp. 2005). According to your letter, a housing subdivision in your senate district was "allegedly designed and constructed in violation of city code and the IRC." Request Letter, *supra* note 1, at 1. You inform us that though the city building official is authorized to "enforce the IRC, as well as to render interpretations of the code and adopt policies and procedures to clarify the application of its provisions," the official "contends that he has no responsibility to ensure plans conform to the IRC as adopted by the city if the plat or plan is certified and sealed by a professional engineer." *Id.*

In your query, you direct our attention to section 1001.402 of the Occupations Code. Section 1001.402 provides that

> [a] public official of the state or of a political subdivision of the state who is responsible for enforcing laws that affect the practice of engineering may accept a plan, specification, or other related document only if the plan, specification, or other related document was prepared by an engineer, as evidenced by the engineer's seal.

TEX. OCC. CODE ANN. § 1001.402 (Vernon 2004). Section 1001.402 uses the word "may" and thereby "creates discretionary authority or grants permission or a power." TEX. GOV'T CODE ANN.

[1]Letter from Honorable Jeff Wentworth, Chair, Committee on Jurisprudence, Texas State Senate, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Dec. 20, 2005) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

§ 311.016 (Vernon 2005). Pursuant to its plain language, *see Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865–66 (Tex. 1999), section 1001.402 authorizes a building official to accept a plan, specification, or other related document but limits that authority to instances where the plan, specification, or other document has been prepared by a professional engineer. *See* TEX. OCC. CODE ANN. § 1001.402 (Vernon 2004) ("public official . . . *may accept* a plan, specification, or other related document *only if* . . . [it] was prepared by an engineer") (emphasis added). Conversely, where the plan, specification, or other related document has not been prepared and sealed by a professional engineer, under section 1001.402 the building official may not accept it. *See id.* ("may accept . . . *only if* . . . prepared by an engineer, as evidenced by the engineer's seal") (emphasis added).

The Occupations Code and the regulations promulgated by the Texas Board of Professional Engineers ("TBPE") establish the rules regarding a professional engineer's seal. *See id.* ch. 1001 ("This chapter may be cited as the Texas Engineering Practices Act."). Upon licensure, a professional engineer is required to obtain a seal. *See id.* § 1001.401(a) (Vernon Supp. 2005). A professional engineer must place the seal on every plan, specification, plat, or report issued by the engineer. *See id.* § 1001.401(b). "The purpose of the engineer's seal is to assure the user of the engineering product that the work has been performed or directly supervised by the professional engineer . . . ." 22 TEX. ADMIN. CODE § 137.33(a) (2005) (Tex. Bd. of Prof'l Engineers, Sealing Procedures). Further, "[u]pon sealing, engineers take full professional responsibility for that work." *Id.* § 137.33(b); *see also* Tex. Att'y Gen. Op. No. GA-0274 (2004) at 4 ("Seals 'carry with them the [engineer's] representation of personal accountability independent of any employment contract with [his or her] employer.'") (quoting *George Thomas Homes, Inc. v. S.W. Tension Sys., Inc.*, 763 S.W.2d 797, 800 (Tex. App.—El Paso 1988, no writ)). Pursuant to TBPE rules of professional conduct and ethics, professional engineers are required to practice "in conformance with [applicable] standards, laws, codes, rules and regulations." 22 TEX. ADMIN. CODE § 137.59(a) (2005) (Tex. Bd. of Prof'l Engineers, Engineers' Actions Shall Be Competent). A professional engineer is also required to "endeavor to meet all of the applicable professional practice requirements of federal, state and local statutes, codes, regulations, rules or ordinances in the performance of engineering services." *Id.* § 137.63(b)(1) (2005) (Tex. Bd. of Prof'l Engineers, Engineers' Responsibility to the Profession).

You ask if a building official may "rely" on a professional engineer's seal. *See* Request Letter, *supra* note 1, at 1. Your reference to the building official's contention that "he has no responsibility" with respect to plans sealed by a professional engineer leads us to conclude that you are inquiring whether a building official who "relies" on a professional engineer's seal is thereby absolved of any responsibility or duty, the violation of which would serve as a basis for a civil action.

Section 1001.402 simply does not address the question. The duties of a building official derive from other sources of law, including statute, city ordinances, and the IRC. And section 1001.402 does not create any obligation or duty, *see Smith v. Houston Chemical Services, Inc.*, 872 S.W.2d 252, 264 (Tex. App.—Austin 1994, writ denied) (acceptance of a plat or plan that bears an engineer's seal under section 1001.402 does not create rights and obligations), nor does it by its plain

language absolve the building official of any duties imposed by other law. Moreover, the specific determination of who may be held liable for a building code violation is one that depends on the facts of the particular circumstances which requires resolution by the courts. We cannot resolve questions of fact in the opinion process. *See* Tex. Att'y Gen. Op. No. GA-0139 (2004) at 5. Thus, to the extent you inquire about a building official's potential liability for a violation of a duty based on laws other than section 1001.402, including city building codes, we cannot answer your question.

However, we can answer your legal question on the meaning of section 1001.402. Section 1001.402 authorizes a building official to accept a proffered plat or plan *only* if the plat or plan bears the professional engineer's seal. *See id.* Pursuant to the TBPE rules, the engineer's seal is merely evidence, or assurance, to the building official that the work was performed by a professional engineer, *see* TEX. OCC. CODE ANN. § 1001.402 (Vernon 2004) ("was prepared by an engineer, *as evidenced by the engineer's seal*") (emphasis added); *see also* 22 TEX. ADMIN. CODE § 137.33(a) (2005) (Tex. Bd. of Prof'l Engineers, Sealing Procedures), and that the professional engineer endeavored to meet all federal, state, or local requirements. *See* 22 TEX. ADMIN. CODE §§ 137.59(a) (2005) (Tex. Bd. of Prof'l Engineers, Engineers' Actions Shall Be Competent), 137.63(b)(1) (2005) (Tex. Bd. of Prof'l Engineers, Engineers' Responsibility to the Profession). Thus, under section 1001.402, a professional engineer's seal represents only that the plat or plan was prepared by a professional engineer who endeavored to comply with all federal, state, and local regulations.

## S U M M A R Y

Section 1001.402, Occupations Code, does not create rights and obligations regarding a building official's duties that are imposed by other laws, including city ordinances. Under section 1001.402 a building official may accept a plat or plan only if it is sealed by a professional engineer but may "rely" on a professional engineer's seal only for the representations that the plat or plan was prepared by a professional engineer who endeavored to comply with all federal, state, and local requirements.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee